**Larry James Christopher THOMPSON, et al., Plaintiffs-Appellants,**

v.

**MERRELL DOW PHARMACEUTICALS, INC., Defendant-Appellee.**

**No. 84–3418.**

United States Court of Appeals, Sixth Circuit.

Argued March 25, 1985.

Decided July 15, 1985.

George A. Kokus (argued), Cohen and Kokus, Miami, Fla., Stanley M. Chesley, Waite, Schneider, Bayless and Chesley, Co., L.P.A., Cincinnati, Ohio, Allen T. Eaton, Washington, D.C., for plaintiffs-appellants.

Frank C. Woodside, III (LC) (argued), Cincinnati, Ohio, Christine L. McBroom, Peter N. Perretti, Jr. (argued), Riker, Danzig, Scherer & Hyland, Morristown, N.J., for defendant-appellee.

Before JONES and KRUPANSKY, Circuit Judges, and HULL, Chief District Judge.[*]

NATHANIEL R. JONES, Circuit Judge.

This appeal presents the issue of whether actions filed in state court are properly removable to federal court if the complaints allege in part that the defendant violated the Food, Drug and Cosmetic Act and that this violation constituted "a rebuttable presumption of negligence." Plaintiffs-appellants contend that these cases presented no federal question upon which removal could be properly based. We agree and reverse and remand.

Plaintiffs-appellants, the Thompsons and the MacTavishes, are residents of Scotland and Canada respectively. They filed their complaints against defendant-appellee, Merrell Dow Pharmaceuticals, Inc., in the Court of Common Pleas, Hamilton County,

---

[*] Honorable Thomas G. Hull, District Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

Ohio. The complaints alleged that Mrs. Thompson and Mrs. MacTavish ingested Bendectin, a drug developed, produced, manufactured, and sold by Merrell Dow, and that the ingestion of the drug resulted in the birth defects suffered by both Jessica Thompson and Neil MacTavish. Each complaint alleged liability based upon the state-created theories of common law fraud, negligence, strict liability, and breach of warranty. They also alleged that Merrell Dow violated certain provisions of the Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301–392 (FDCA) and that those violations establish a rebuttable presumption of negligence. Pursuant to 28 U.S.C. § 1441, Merrell Dow removed these actions to the district court where they were consolidated. Plaintiffs filed a motion to remand under § 1447(c) for lack of subject matter jurisdiction. The district court denied plaintiffs' motion to remand and granted Merrell Dow's motion to dismiss on the ground of forum non conveniens. Appellants then filed this appeal.

Removal jurisdiction in a federal district court is premised upon 28 U.S.C. § 1441. Section 1441(a) provides for removal of actions generally, and § 1441(b) limits a defendant's ability to remove actions from a state court to situations where the defendant is not a citizen of the state in which such action is brought. Section 1441(c) permits a district court to determine all issues raised in an action when one claim, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims. The standard for determining when an action is removable is whether the court would have had jurisdiction, subject to the limitations of § 1441(b), if the action had been instituted originally in federal court under 28 U.S.C. § 1331 or § 1332. *See Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983). Consequently, a case removed to federal court under the guise of federal question jurisdiction presents a federal question when it "arises under" federal law. In *Franchise Tax Board, the Court* stated:

Under our interpretations, Congress has given the lower courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Id.* 103 S.Ct. at 2856.

The parties agree that the FDCA does not create or imply a private right of action for individuals injured as a result of violations of the Act. Federal question jurisdiction would, thus, exist only if plaintiffs' right to relief *depended necessarily* on a substantial question of federal law. Plaintiffs' causes of action referred to the FDCA merely as one available criterion for determining whether Merrell Dow was negligent. Because the jury could find negligence on the part of Merrell Dow without finding a violation of the FDCA, the plaintiffs' causes of action did not depend necessarily upon a question of federal law. Consequently, the causes of action did not arise under federal law and, therefore, were improperly removed to federal court. *See Zeig v. Shearson/American Express, Inc.,* 592 F.Supp. 612, 613–14 (E.D.Va.1984); *State of Florida ex rel. Broward County,* 329 F.Supp. 364, 366 n. 3 (S.D.Fla.1971).

Accordingly, the judgment of the district court is REVERSED and the case is REMANDED with instructions to remand the cases to the Court of Common Pleas for Hamilton County, Ohio, where they were first filed.