*RECOMMENDED FOR FULL-TEXT* PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0018P (6th Cir.)
File Name:  00a0018p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

BENJAMIN CRAIG LONG,
    *Plaintiff-Appellee,*

       *v.*

BANDO MANUFACTURING OF
AMERICA, INC.,
    *Defendant-Appellant.*



No. 99-5032

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 97-00114—Joseph H. McKinley, Jr., District Judge.

Argued:  October 28, 1999

Decided and Filed:  January 13, 2000

Before:  WELLFORD, MOORE, and GILMAN, Circuit
Judges.

---

## COUNSEL

**ARGUED:** D. Gaines Penn, ENGLISH, LUCAS, PRIEST &
OWSLEY, Bowling Green, Kentucky, for Appellant.  Nancy
Oliver Roberts, Bowling Green, Kentucky, for Appellee.
**ON BRIEF:**  Charles E. English, Jr., D. Gaines Penn,
ENGLISH, LUCAS, PRIEST & OWSLEY, Bowling Green,

Kentucky, for Appellant. Nancy Oliver Roberts, Bowling Green, Kentucky, for Appellee.

MOORE, J., delivered the opinion of the court, in which GILMAN, J., joined. WELLFORD, J. (pp. 14-15), delivered a separate concurring opinion.

───────────────

**OPINION**

───────────────

KAREN NELSON MOORE, Circuit Judge. In this appeal, the defendant-appellant, Bando Manufacturing of America, Inc. ("Bando"), challenges the district court's finding that it did not have original federal question jurisdiction over one of plaintiff-appellee Benjamin Craig Long's claims and asks this court to reverse the district court's order remanding the case to state court. Long had originally sued Bando in state court, raising both state and federal claims, including one state-law claim for wrongful discharge in violation of public policy. Long asserted in his amended complaint that the public policy that was violated by his discharge was embodied in several federal statutes. After Bando removed the case to federal district court, the district court granted summary judgment against Long on one of his federal claims and dismissed the other at Long's request. The district court then remanded the case, including Long's wrongful discharge claim, to the state court. Bando now appeals that remand order, arguing that Long's wrongful discharge claim involved a federal issue sufficient to invoke the federal court's original "arising under" jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. For the reasons discussed below, we **AFFIRM** the district court's decision to remand based on its determination that it did not have original federal question jurisdiction over Long's wrongful discharge claim.

*Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983), that "a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law.'" *Id.* Finally, *Merrell Dow* emphasized "prudence and restraint in the jurisdictional inquiry," and that where Congress provided no "private, federal cause of action for the violation [of the federal statute]" relied upon in the complaint, jurisdiction fails, and a federal question is not raised. *Id.* at 810, 817.

Plaintiff's right to relief did not necessarily depend on any of the federal statutes relied upon in the complaint. There was no substantial question of federal law presented. None of the federal statutes cited (and discussed by the district court) *created* plaintiff's wrongful discharge claim. Congress provided no private federal remedy for plaintiff with respect to any of these statutes. There was no implied federal cause of action created by or *necessarily* springing from any federal statute cited. The district court, in short, exercised prudence and restraint in denying federal jurisdiction. I am not persuaded by Bando's attempts to distinguish *Merrell Dow*, and I find no basis under the several principles expressed and approved in that case to overturn the district court's decision. *See Miller v. Norfolk & W. Ry. Co.*, 834 F.2d 556 (6th Cir. 1987).[1]

I see no need to pursue any state law rationale asserted by Bando to create jurisdiction in this case. I would, accordingly, **AFFIRM** the district court.

───────────────

[1]I see no conflict with the decision in this case with *Milan Express Co. v. Western Surety Co.*, 886 F.2d 783 (6th Cir. 1989), or *MCI Telecommunications Corp. v. Graham*, 7 F.3d 477 (6th Cir. 1993).

---

**CONCURRENCE**

---

HARRY W. WELLFORD, Circuit Judge, concurring. I concur in the result reached in this case, but would base this decision on a more straightforward rationale. My conclusion is that plaintiff Long's claims of wrongful discharge simply did not sufficiently raise a federal question in order to provide jurisdiction in the district court. I agree with my colleague, Judge Moore, at the outset that the burden in this case is upon plaintiff and that removal statutes are strictly construed. Plaintiff must show that he is relying on a claim "arising under the Constitution . . . or laws of the United States." 28 U.S.C. § 1441(b).

I also agree with Judge Moore's analysis that we have jurisdiction to review the action taken by the district court, and that remand was within the sound discretion of the district court once lack of a federal question was determined.

The substance of Long's claims against his former private employer is clearly wrongful discharge essentially by a state action since no federal employment discrimination law action is asserted. Nor does defendant Bando claim federal preemption under the circumstances of this case.

There are several reasons why I believe this case is essentially controlled by *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). That case affirmed this court's decision at 766 F.2d 1005 (6th Cir. 1985). *Merrell Dow*, I believe, despite some ambiguous language, affirmed our holding that "[f]ederal question jurisdiction would, thus, exist only if plaintiffs' right to relief *depended necessarily* on a substantial question of federal law." 766 F.2d at 1006. *Merrell Dow* cites Justice Holmes' opinion in *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916), that a "suit arises under the law that creates the cause of action." 478 U.S. at 808. It cites with approval *Franchise*

## I.  BACKGROUND

Long was employed by Bando from February of 1989 until he was terminated in May of 1996. In 1992, Gates Rubber Company ("Gates"), a competitor, sued Bando, alleging various forms of anticompetitive activity, including appropriation of Gates's trade secrets. Gates also charged that Bando had concealed or destroyed information relevant to its competitive strategies and trade secrets. In the summer of 1995, less than a year before he was terminated but several years after the Gates litigation had ended, Long reported to Matt Adams, the vice president of Bando, that he saw Adams and James Blankenship, the president of Bando, taking "stuff" to the trash dumpsters just before the 1992 inspection of the Bando facilities by Gates. In that same year and the following year, Long received two poor performance reviews and several warnings that he would be subject to disciplinary action if his performance did not improve, culminating in his suspension for three days in March of 1996. Long was finally discharged in May of 1996 based on a finding that he had falsified a production schedule. After his discharge, Long attempted to aid Gates in reopening its motion for sanctions against Bando on the ground that Bando had concealed and destroyed documents relevant to the trade secrets litigation.

Long filed suit in Kentucky state court on April 30, 1997, alleging that he was terminated as a result of his refusal to acquiesce in the "cover up" of the company's theft of trade secrets. He alleged due process violations under the U.S. and Kentucky Constitutions, "reverse discrimination" in violation of Title VII, and discharge "in violation of the public policy of retaliatory discharge." J.A. at 16 (Complaint). Bando removed the case, relying on Long's federal due process and Title VII claims as the basis for federal jurisdiction. Long then amended his complaint, adding that "[o]ther public policies of this Commonwealth and of the United States which have been violated by the Defendant's wrongful termination of the Plaintiff include, but are not limited to" the policies embodied in four federal criminal statutes: 18 U.S.C.

§ 1509 (Obstruction of court orders), 18 U.S.C. § 2314 (Transportation of stolen goods), 18 U.S.C. § 2315 (Sale or receipt of stolen goods), and 18 U.S.C. § 1621 (Perjury).[1] J.A. at 19 (Amended Complaint). Long also added claims of defamation and breach of contract. Subsequently, Long filed a motion to dismiss voluntarily his Title VII claim, which was granted on June 17, 1998. Bando filed a motion for summary judgment, and Long thereafter moved to remand the case to the state court for lack of subject matter jurisdiction.

The district court granted Bando's motion for summary judgment as to Long's federal due process claim. The district court also denied Long's motion to remand for lack of subject matter jurisdiction, finding that it had subject matter jurisdiction. Finally, the district court found that none of the remaining claims (wrongful discharge in violation of public policy, breach of contract, and defamation) raised a substantial federal question and therefore, declining to exercise its supplemental jurisdiction, remanded the case to the state court. In particular, the district court found that naming four federal statutes as evidence of public policy in the complaint did not convert Long's state wrongful discharge claim into a federal claim. Relying on the Supreme Court's opinion in *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986), the district court analyzed whether the statutes cited by Long implied a private remedy for their violation and, finding that they did not, concluded that the wrongful discharge claim did not present a federal question invoking the district court's "arising under" jurisdiction.

Bando filed a motion to alter or amend the district court's judgment, alleging that the district court erred in concluding that Long's wrongful discharge claim did not raise a

---

[1] In other words, Long claimed that he was terminated for his refusal to participate in the company's theft of trade secrets ("stolen goods" under 18 U.S.C. §§ 2314, 2315), its obstruction of the discovery orders in the Gates litigation, and its employees' perjury about concealing or destroying documents.

district court's discretion to remand in a case removed from state court.

*Id.* at 1267 (citation omitted). Furthermore, most circuits, including this one, have assumed that the discretionary power to remand survives the adoption of § 1367. *See, e.g.*, *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996); *Decatur Mem'l Hosp. v. Connecticut Gen. Life Ins. Co.*, 990 F.2d 925, 927-28 (7th Cir. 1993); *Executive Software N. Am., Inc. v. United States Dist. Ct.*, 24 F.3d 1545, 1551-53 (9th Cir. 1994); *see also* 28 U.S.C.A. § 1367 Practice Commentary 835 (1993); 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 3D § 3739, at 498-501 (1998). We agree with the analysis of the D.C. Circuit and hold that the district court acted properly in remanding rather than dismissing Long's case.[8]

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's remand order.

---

[8] We observe that both *Carnegie-Mellon* and this case deal only with the question whether § 1367 permits remand in a narrow set of cases — namely, removed cases in which all federal claims have been dismissed and the district court has only supplemental claims before it. *See Carnegie-Mellon*, 484 U.S. at 345 ("The question before us is whether a federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain.").

## C. Propriety of Remand

We also note that the district court had the authority to remand rather than dismiss Long's state-law claims under 28 U.S.C. § 1367(c). In *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), the Supreme Court held that a district court has discretion to remand pendent state-law claims rather than dismissing them, if the values of economy, convenience, fairness, and comity so dictate.

*Carnegie-Mellon* was decided before 28 U.S.C. § 1367 was adopted, however, and the language of § 1367 does not explicitly grant district courts the authority to remand cases to the state courts rather than dismiss them without prejudice.[7] Nonetheless, we believe that the discretion to remand was incorporated into that statute. The U.S. Court of Appeals for the D.C. Circuit so held in *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260 (D.C. Cir. 1995). As that court explained:

> Whether to remand or dismiss is a matter normally left to the discretion of the district court, see *Carnegie-Mellon*, 484 U.S. at 357, 108 S. Ct. at 622-23. We find this discretion unaffected by the subsequent enactment of 28 U.S.C. § 1367(d), in the Judicial Improvements Act of 1990 . . . . Section 1367(d) tolls the state statute of limitations on any state claim over which a federal court has exercised supplemental jurisdiction until 30 days after its dismissal. It thus reduces one concern expressed in *Carnegie-Mellon* — that plaintiffs would lose their claims if their case were dismissed rather than remanded. Other concerns remain, however, such as convenience to the parties and a faster resolution of the case. We find no indication in the legislative history of the Judicial Improvements Act that Congress intended to limit the

[7] 28 U.S.C. § 1367(c) provides, in pertinent part, "The district courts may *decline to exercise supplemental jurisdiction* over a claim" if any of four criteria is met (emphasis added).

substantial federal question giving rise to original federal question jurisdiction in the district court. In its December 8, 1998 order, the district court acknowledged that it had erred in its analysis of whether Long's wrongful discharge claim provided a basis for original federal question jurisdiction. The court recognized that, even if it determined, first, that there was no implied private cause of action for the violation of the federal statutes listed in Long's complaint, it must still consider, second, "whether the state law wrongful discharge [claim] 'necessarily turned' upon a question of federal law." J.A. at 32 (D. Ct. Op.). If the claim necessarily turned on a question of federal law, the district court acknowledged, it could find that it had federal question jurisdiction, without applying the "implied remedy" test. Nonetheless, the district court still found that, on the facts of this case, there was no substantial, disputed question of federal law in the plaintiff's claim sufficient to invoke the district court's "arising under" jurisdiction and therefore denied Bando's request to alter or amend its prior judgment remanding the case to the state court. Bando timely appealed that ruling to this court. We now hold that, although a complaint that does not state a federal cause of action may in some cases invoke federal jurisdiction, the federal statutes cited in Long's wrongful discharge claim were insufficient to provide federal question jurisdiction.

## II. ANALYSIS

In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The burden of showing that the district court has original jurisdiction is on the party seeking removal. *See Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). Furthermore, because they implicate federalism concerns, removal statutes are to be narrowly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

In this case, the parties do not allege diversity of citizenship. Removal jurisdiction was thus based on 28 U.S.C. § 1441(b), allowing removal of actions "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States," without regard to the citizenship of the parties. Because removal jurisdiction is possible only where the federal district court would have had original jurisdiction over the case, and because the "arising under" language of § 1441(b) is almost identical to the language of 28 U.S.C. § 1331, the scope of removal jurisdiction based on the existence of a federal question under § 1441(b) is considered to be identical to the scope of federal question jurisdiction under § 1331. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391-92 (1987). In determining removal jurisdiction under § 1441, as in determining original "arising under" jurisdiction, federal courts apply the "well-pleaded complaint" rule, pursuant to which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 392.

## A. Reviewability of the Remand Order

This court has jurisdiction to review the district court's decision to remand Long's state law claims. The parties did not raise this issue, but, because it is a jurisdictional matter, we consider it sua sponte. *See, e.g.*, *In re General Motors Corp.*, 3 F.3d 980, 982 (6th Cir. 1993).

Although the plain language of 28 U.S.C. § 1447(d) suggests that remand orders concerning cases removed pursuant to 28 U.S.C. § 1441 are never reviewable, the Supreme Court held in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), that §§ 1447(c) and (d) must be read together, and therefore that § 1447(d) prohibits review only of remand orders issued pursuant to a finding, under § 1447(c), that the district court lacked subject matter

at 19 (emphasis added). Since Long's complaint offered state as well as federal policies as evidence of his wrongful discharge, this case appears to fall squarely within the Supreme Court's holding in *Christianson*.

Furthermore, although the question whether a wrongful discharge claim based on federal public policies invokes federal jurisdiction appears to be one of first impression in this circuit, other circuits have held that such claims do not belong in federal court. *See Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1315 (9th Cir. 1997) (finding the federal interest to be insufficient, and noting that state law mirrors the federal policy at issue), *cert. denied*, -- U.S. --, 118 S. Ct. 1794 (1998); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1167-72 (5th Cir. 1988) (finding the federal element in such a claim to be insufficiently substantial and also noting that the plaintiff supported his claim with state as well as federal theories); *see also Drake v. Cheyenne Newspapers, Inc.*, 842 F. Supp. 1403 (D. Wyo. 1994). These precedents suggest that the federal question in Long's complaint is insufficiently substantial and disputed to invoke federal jurisdiction.[6]

We therefore hold that, although federal question jurisdiction may exist even where the plaintiff has not stated a federal cause of action, Long's complaint did not invoke the federal courts' "arising under" jurisdiction, because it put forth alternate state and federal policies to support his state-law wrongful discharge claim.

---

[6]Bando also argues that the standard for finding a "substantial" federal question is extremely low; however, the cases that it cites for this proposition dealt with the standard for finding federal jurisdiction based on an express or implied private federal cause of action. Those cases simply state that when a plaintiff attempts to bring a claim under a federal statute, that claim need only be non-frivolous in order to invoke federal jurisdiction: it need not, in other words, even be sufficient to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974).

state-law claim, at least one of which does not involve a federal question.[4]

In light of *Christianson*, it is clear that the resolution of a federal question is not *necessary* or *essential* to the resolution of Long's wrongful discharge claim. Bando argues that under Kentucky law, a plaintiff must demonstrate that the public policy making his discharge unlawful is embodied in federal or state legislative enactments. *See, e.g.*, *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985). Bando contends that Long relied solely on federal statutes as evincing that public policy, and therefore that the court's construction of those federal statutes is essential to a determination of Long's claim. This argument is unpersuasive. Long's complaint put forth alternate bases in state and federal law for the public policy in contravention of which he was discharged. Long's initial complaint stated that his "discharge was in violation of the public policy of retaliatory discharge." J.A. at 16 (Complaint). This statement could be read to refer to Kentucky Revised Statutes 61.102, Kentucky's "whistleblower statute," forbidding the retaliatory termination of an employee who interferes with a company's unlawful activities.[5] This reading is further bolstered by Long's amended complaint, which introduced the federal statutes at issue here by saying, "*Other* public policies *of this Commonwealth* and of the United States which have been violated by the Defendant's wrongful termination of the Plaintiff *include, but are not limited to*, the following." J.A.

---

[4]*Christianson* dealt with the scope of the Federal Circuit's patent-law jurisdiction under 28 U.S.C. §§ 1295(a) and 1338(a), not the federal courts' general federal question jurisdiction under § 1331. The Court noted in *Christianson*, however, that it applies the same test to determine "arising under" jurisdiction under both §§ 1331 and 1338(a). *See Christianson*, 486 U.S. at 807-09.

[5]Long himself has not mentioned K.R.S. 61.102; in his brief, he mentioned the Kentucky Trade Secrets Act, K.R.S. 365.880 to 365.990 (1990), as the original basis for his wrongful discharge claim.

---

jurisdiction.[2] *See id.* at 345-46.[3] Here, the district court did not remand because it lacked subject matter jurisdiction; on the contrary, the district court explicitly stated that it had subject matter jurisdiction when the case was removed and noted that it had not been divested of that jurisdiction by the dismissal of the plaintiff's federal claims. *Accord In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed. . . . When a subsequent narrowing of the issues excludes all federal claims, whether a pendant [sic] state claim should be remanded to state court is a question of judicial discretion, not of subject matter jurisdiction." (citations omitted)), *cert. denied*, 450 U.S. 949 (1981). Furthermore, this court has repeatedly held remand orders to be reviewable in cases similar to this one. *See, e.g.*, *General Motors*, 3 F.3d at 983; *Van Meter v. State Farm Fire & Cas. Co.*, 1 F.3d 445, 449-50 (6th Cir. 1993) (holding that the reviewability of a remand order depends on whether the district court had subject matter jurisdiction when the case was removed, and explaining that if the district court initially

---

[2]28 U.S.C. § 1447(c) provides, in pertinent part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

28 U.S.C. § 1447(d) provides, "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

[3]The holding of *Thermtron*, limiting the prohibition on review of remand orders to those remands that are based on a lack of subject matter jurisdiction, was recently reaffirmed in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). In *Quackenbush*, the Supreme Court also held that remand orders not falling within the scope of § 1447(c) could be reviewed on direct appeal, thereby abrogating *Thermtron*'s suggestion that remand orders were not final orders and therefore could be reviewed only by means of a writ of mandamus. *See id.* at 712-15.

had jurisdiction, which was destroyed by later events, the remand order would be reviewable); *In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local No. 173*, 983 F.2d 725, 727 (6th Cir. 1993) (holding that the district court's remand of pendent state law claims, after dismissal of federal claims as time-barred, was discretionary, not based on a lack of subject matter jurisdiction, and therefore reviewable). Therefore, this court clearly has jurisdiction to review the remand order at issue in this case.

## B. The Existence of Federal Question Jurisdiction

This court reviews de novo a district court's decision regarding subject matter jurisdiction. *See Hilliard v. United States Postal Serv.*, 814 F.2d 325, 326 (6th Cir. 1987).

Before delving into Bando's argument that the district court had federal question jurisdiction over Long's wrongful termination claim, it is helpful to understand what Bando is *not* arguing. Bando is obviously not arguing that Long's wrongful discharge claim is a federal claim; it is clear that wrongful discharge is a state-law cause of action. Nor is it arguing that Long's complaint attempts to imply a private right of action under the listed federal criminal statutes, thereby stating a federal cause of action. Finally, it is not arguing that Long's state-law claim is completely preempted by federal law, which would mean that Long had stated a federal claim whether he intended to or not. *See, e.g.*, *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557 (1968). Rather, Bando is arguing that Long's wrongful termination claim, without raising an express or implied federal claim, involves a substantial and disputed question of federal law and is therefore sufficient to invoke the district court's "arising under" jurisdiction.

The exact contours of the federal courts' jurisdiction under 28 U.S.C. § 1331 are somewhat imprecise. The most important Supreme Court case to deal with this issue in recent years is *Merrell Dow*. In *Merrell Dow*, the plaintiffs had sued

a drug manufacturer on a state-law negligence claim, alleging that its drug Bendectin was misbranded in violation of the Federal Food, Drug, and Cosmetic Act (FDCA). *See Merrell Dow*, 478 U.S. at 805-06. The Supreme Court held that the plaintiffs had not invoked the federal courts' "arising under" jurisdiction by raising state-law claims for negligence that incorporated federal drug labeling standards. *See id.* at 817. Although the scope of the Court's holding in *Merrell Dow* is somewhat unclear, it clearly left open the possibility of federal jurisdiction even in the absence of an express or implied federal cause of action, if a substantial federal question of great federal interest is raised by a complaint framed in terms of state law, and if resolution of that federal question is necessary to the resolution of the state-law claim. *See, e.g.*, *id.* at 808-10 & n.5, 813-14 & nn.11-12; *see also City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164 (1997) (reaffirming that a case may "arise under" the laws of the United States if it requires resolution of a substantial question of federal law, even if state law creates the plaintiff's cause of action); *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (noting that federal courts have jurisdiction in "only those cases in which a well-pleaded [c]omplaint establishes either that federal law creates the cause of action *or* that the plaintiff['s] right to relief necessarily depends on resolution of a substantial question of federal law" (emphasis added) (quoting *Franchise Tax Board*, 463 U.S. at 27-28) (internal quotation marks omitted)).

In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988), the Supreme Court further elaborated the circumstances under which a state-law claim "necessarily depends" upon a "substantial question of federal law." In that case, the Court held that a claim does not "arise under" the federal patent laws if the complaint states alternate theories for that claim, only one of which requires resolution of a patent-law question. *See id.* at 809-10. Thus, *Christianson* suggests that there is no federal question jurisdiction when the complaint on its face states alternate theories supporting a