**Sharon PALKOW, Plaintiff,**

v.

**CSX TRANSPORTATION, INC., et al., Defendants.**

**No. 1:04 CV 8445.**

United States District Court, N.D. Ohio, Eastern Division.

July 28, 2004.

Merrie M. Frost, Patterson & Frost, Willoughby, OH, for Plaintiff.

John B. Lewis, Kelly M. King, Todd H. Lebowitz, Baker & Hostetler, Cleveland, OH, for Defendants.

MEMORANDUM OF OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS

WELLS, District Judge.

Before this Court are two separate motions in this case. First, plaintiff Sharon Palkow, properly Sharon Polkow ("Ms.Polkow"), has filed a motion to remand. (Docket # 3). Defendants CSX Transportation, Inc. ("CSX Transportation"), Dianne Tavares, Harry Crawford, John Doe # 1–5 (collectively referred to as "CSXT") filed both a memorandum and supplemental memorandum in opposition. (Docket # 8 and # 13). Second, defendant CSXT has filed, pursuant to Fed.R.Civ.P. 12(b)(6), a motion to dismiss Ms. Polkow's complaint for failure to state a claim upon which relief can be granted. (Docket # 8). Ms. Polkow filed a brief in opposition and CSXT filed a reply. (Docket # 10 and # 12).

For the reasons set forth below, Ms. Polkow's motion to remand is denied and CSXT's motion to dismiss is granted.

## I. BACKGROUND

On 11 January 2002, Ms. Polkow filed a complaint against CSX Transportation, raising age and gender discrimination claims under both Title VII of the Civil Rights Act of 1964 and Ohio Revised Code Section 4112, a retaliation claim, and an intentional infliction of emotional distress claim. *Polkow v. CSX Transportation, Inc.,* Case No. 1:02CV72 ("*Polkow I*"). On 1 October 2003, this Court granted in part and denied in part CSX Transportation's motion for summary judgment, dismissing Ms. Polkow's age discrimination, retaliation, and intentional infliction of emotional distress claims. Ms. Polkow's remaining sex discrimination claim was tried before a federal jury in December 2003. Dianne Tavares, a CSX Transportation conductor

and engineer, was among the witnesses testifying at trial on behalf of CSX Transportation. On 8 December 2003, a federal jury returned a verdict in CSX Transportation's favor and this Court entered judgment accordingly.

On 5 January 2004, CSX Transportation filed a motion to tax costs against Ms. Polkow. Ms. Polkow filed an opposition brief requesting this Court to deny CSX Transportation's motion or, in the alternative, to stay the motion while Ms. Polkow decides whether to file a "motion to vacate the judgment or a separate action for violation of due process." On 9 February 2004, the Court granted CSX Transportation's motion to tax costs and denied Ms. Polkow's motion to stay. Ms. Polkow filed no other post-trial motions and no appeal.

On 30 March 2004, Ms. Polkow filed a claim for civil conspiracy against defendants CSX Transportation, Harry Crawford, and Dianne Tavares in the Common Pleas Court for Cuyahoga County, Ohio. In her complaint, Ms. Polkow alleges that defendants conspired to have Ms. Tavares give false testimony during *Polkow I*, that Ms. Tavares did in fact give perjured testimony during the trial, and that such perjury undermined Ms. Polkow's sex discrimination case and resulted in a jury verdict against her. (Compl. at ¶¶ 4, 9, 12, 14–15, and 18–19). On 6 May 2004, CSXT removed the case to this Court on the basis that Ms. Polkow's claim involves "a general federal question subject to removal to this Court." (Docket # 1).

## II. MOTION TO REMAND

In her motion to remand, Ms. Polkow argues that this Court lacks jurisdiction because there are "absolutely no federal questions anywhere in the complaint" and "[t]he entire complaint is based upon state law claims." (Docket # 3). CSXT responds that this Court has jurisdiction be-

cause the gravamen of Ms. Polkow's civil conspiracy to commit perjury claim is a collateral attack on this Court's judgment in *Polkow I* and such an attack on the validity of a federal court judgment raises a substantial question of federal law. (Docket # 8, at 1–2).

 Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). As established by 28 U.S.C. § 1441(a), federal courts can acquire removal jurisdiction over a state court action if that action originally could have been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir.2000). Because the language and legislative history of Section 1441 reveal a congressional intent to restrict the removal jurisdiction of federal courts, Section 1441 should be narrowly construed to ensure "due regard for the rightful independence of state government." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Long v. Bando Manufacturing of America, Inc.*, 201 F.3d 754, 757 (6th Cir.2000) (explaining that because the removal statutes implicate federalism concerns, they are to be narrowly construed against removal). In the interest of comity and federalism, any ambiguity regarding the scope of the removal statutes and all doubts as to whether removal is proper should be resolved in favor of remand to the state courts. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999); *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999).

 In this case, CSXT alleged removal jurisdiction based on 28 U.S.C. § 1441(b), which allows, in pertinent part, for the removal of actions "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." The scope of removal jurisdiction under Section 1441(b) is identical to the scope of federal question jurisdiction under Section 1331. *Long*, 201 F.3d at 757–58 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391–92, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). As with Section 1331 jurisdiction, courts, in the context of removal jurisdiction under Section 1441(b), apply the "well-pleaded complaint" rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 758.

 The exact contours of the federal courts' federal question jurisdiction are somewhat imprecise. *Id.* at 759. A federal question is present only when the well-pleaded complaint establishes "either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law." *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir.1990) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). In the absence of an express or implied federal cause of action, federal question jurisdiction may still exist if a substantial federal question is raised by a complaint and resolution of that federal question is necessary to the resolution of the state law claims. *Long*, 201 F.3d at 759 (citations omitted); *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*, 287 F.3d 568, 574 (6th Cir.2002) (explaining that the federal issue must be substantial, disputed, and necessary to the resolution of the state cause of action).

█ While Ms. Polkow's complaint does not, on its face, allege a federal cause of action, it, in attacking the validity of a federal judgment, raises a substantial federal question. In *Black v. Niagara Mohawk Power Corp.*, a district court faced with an analogous situation concluded that

> In the opinion of the Court, Black is necessarily relying upon federal law for the relief sought in his complaint despite his attempt to couch the complaint solely in terms of state law. His claim that the judgment in *Black I* was obtained by fraud clearly constitutes an attack on the validity of that judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. As such, the viability of the claim must be determined by reference to standards enunciated in cases decided under the rule. Accordingly, his claim involves a federal question and was properly removed to this Court.

641 F.Supp. 799, 801–802 (N.D.N.Y.1986). Similarly, in *Villarreal v. Brown Express, Inc.*, the Fifth Circuit Court of Appeals found removal jurisdiction to be proper because a state complaint, purportedly raising a state tort claim for conversion, was, in reality, an attack on the validity of a federal judgment. 529 F.2d 1219 (5th Cir.1976). The courts, in both *Black* and *Villarreal*, identified Rule 60(b) of the Federal Rules of Civil Procedure as providing the basis for the plaintiff's collateral attack on the federal judgment. While Rule 60(b) provides that parties may file a motion for relief from judgment because of, among other reasons, fraud, misrepresentation, or other misconduct of an adverse party, this rule "does not limit the power of a court to entertain an indepen-

dent action to relieve a party from a judgment. . . ."

Like the plaintiffs in *Black* and *Villarreal*, Ms. Polkow has nominally pled a state cause of action which, in substance and effect, attacks the validity of this Court's judgment in *Polkow I*. Notwithstanding her protestations to the contrary and her unsuccessful attempts to craft her complaint as solely a state law claim, Ms. Polkow's complaint is really an independent action seeking relief from this Court's judgement in *Polkow I*. Given the nature of her claim, this Court need no independent basis for the exercise of jurisdiction over her complaint because its jurisdiction is firmly grounded in the underlying lawsuit. *U.S. v. Beggerly*, 524 U.S. 38, 45–6, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998). Therefore, Ms. Polkow's complaint was properly removed to this Court and her motion to remand is denied.[1]

### III. *MOTION TO DISMISS*

 While this Court has jurisdiction to consider Ms. Polkow's claim, her independent action to obtain relief from the judgment in *Polkow I* lacks merit. An independent action to obtain relief from judgment is only available to prevent "a grave miscarriage of justice." *Beggerly*, 524 U.S. at 47, 118 S.Ct. 1862. Allegations of perjury, like those advanced by Ms. Polkow, are insufficient to support an independent action for relief from judgment. *2300 Elm Hill Pike, Inc. V. Orlando Residence, Ltd.*, 168 F.3d 490, at *2 (6th Cir. 1998); *see also H.K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115, 1118 (noting that the alleged perjury of a witness is not a ground for an action

---

**1.** The propriety of jurisdiction in this Court is further evidenced by the refusal of state courts to exercise jurisdiction over complaints which challenge the judgment of a federal court. *See e.g. Robinson v. Sumkin*, 1991 WL 70156, at (Ohio Ct.App. April 29, 1991) (concluding that state courts lack jurisdiction to consider allegations of perjury which allegedly occurred in a federal district court).

for fraud upon the court); *Geo. P. Reintjes, Inc. v. Riley Stoker Corp.,* 71 F.3d 44, 49 (1st Cir.1995); *Travelers Indem., Co. v. Gore,* 761 F.2d 1549, 1552 (9th Cir.1985). The Ninth Circuit in *Gore* explained the rationale, for excluding perjury as a sufficient ground for an independent action, as follows:

> Perjury [does not prevent an opposing party] from fully presenting his case and raising the issue of perjury in the original action. Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible. Fraud on the court is therefore limited to the more egregious forms of subversion of the legal process, those we cannot necessarily expect to be exposed to by the normal adversary process.

761 F.2d at 1552. Ms. Polkow could have addressed Ms. Tavares' alleged perjury during *Polkow I* or could have filed a motion for relief from judgment pursuant to Rule 60(b)(3), *see e.g. Diaz v. Methodist Hospital,* 46 F.3d 492, 496–97 (5th Cir. 1995). She may not, however, maintain an independent action to obtain relief from a federal court judgment based on allegations of perjury. Accordingly, Ms. Polkow's complaint is dismissed.[2]

## IV. *CONCLUSION*

Ms. Polkow's complaint, purporting to allege a state claim for civil conspiracy, is properly construed as an independent action to obtain relief from this Court's prior judgment and, as such, is properly removable with this Court's jurisdiction resting on the underlying federal lawsuit. While this Court has jurisdiction, Ms. Polkow's allegations of perjury provide an insufficient

basis for maintaining an independent action to obtain relief from judgment and therefore her complaint must be dismissed.

Accordingly, Ms. Polkow's motion to remand is denied and CSXT's motion to dismiss is granted.

IT IS SO ORDERED.

---

**2.** In their respective briefs on CSXT's motion to dismiss, both parties focus primarily on whether or not Ohio law provides a cause of action for civil conspiracy based on perjury. (Docket #6, #10, and #12). Since this

Court concludes that Ms. Polkow's complaint really constitutes an independent action to obtain relief from a federal judgment, it need not address this question of state law.