DAUGHTREY, Circuit Judge,
concurring in part and dissenting in part.
Although I agree with the majority’s determination that the plaintiffs’ state law claims are not preempted by § 7422 of the Internal Revenue Code, I disagree with the majority’s conclusion that this case fails to present a substantial question of federal law sufficient to establish jurisdiction in federal court.
The majority correctly points out that the plaintiffs’ claims turn on Centerior’s failure to comply with § 312(n)(l) of the Code and do not fall within the language of the refund provision of § 7422. It is also *677 evident that the plaintiffs are not suing to recover a tax or sum improperly collected; they are suing for tortious conduct, the damages for which may be measured by the amount of their overpayment of taxes. The plaintiffs’ alleged overpayment to the IRS establishes a baseline for measuring their damages, but that amount may or may not represent the actual damage from the injuries alleged. . ■
Section 7422 protects private entities that act as federal collection agents from returning an improperly collected tax out of their own coffers. However, defendant Centerior, unlike the defendant in Brennan v. Southwest Airlines, 140 F.3d 849 (9th Cir.1998), on which the magistrate and district court judge relied, did not collect the alleged overpayment. Therefore, the defendant here does not face the prospect of having to refund monies, it paid to the IRS without any recourse, as was the case with Southwest Airlines, which had remitted the sums it collected to the IRS. Centerior merely reported payouts to shareholders that were the basis for taxes paid directly to the IRS by those shareholders.
Sixth Circuit precedent recognizes that federal jurisdiction is a “possibility ... even in the absence of an express or implied federal cause of action, if a substantial federal question of great federal interest is raised by a complaint framed in terms of state law, and if resolution of that federal question is necessary to the resolution of the state-law claim.” Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 759 (6th Cir.2000). That would certainly appear to be the case here, especially in light of the Supreme Court’s recent opinion in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, — U.S.-, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005).- There, the Court ruled that a state court action to quiet title raising the question of the meaning of the notice provision of the Internal Revenue Code for a seizure of property by the Internal Revenue Service warranted the exercise of federal jurisdiction. Specifically, it held that “[t ]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court” because the government “has a strong interest in the prompt and certain collection of delinquent taxes, and the ability of the IRS to satisfy its claims from the property of delinquents requires clear terms of notice to allow buyers ... to satisfy themselves that the Service has touched the bases necessary for good title.” Id. at 2368 (internal quotes omitted) (emphasis added). The Grable Court also noted both the relative rarity of such quiet-title actions and the likelihood that finding federal jurisdiction would “portend only a microscopic effect” on the allocation of the caseload between federal and state courts. Id.
Under Grable’s reasoning, the question of C'enterior’s compliance with Section 312(n)(1) of the Code, which is central to the plaintiffs’ state law claim, also supports the district court’s exercise of federal jurisdiction. In their complaint, the plaintiffs charged that the defendants “failed to follow and apply the structure and conceptual framework of the tax laws, as set forth in the Internal Revenue Code and the regulations promulgated thereunder.” They also answered an interrogatory intended to clarify their claims with the statement that “Centerior violated the Internal Revenue Code by doing what ... the Code specifically forbids .... ” Furthermore, at oral argument on the issue of federal jurisdiction before the district court, the attorney for the plaintiffs acknowledged that an analysis of the tax code is “critical” to the case and that a violation of the Code is not only the measure of damages but also the “underlying rationale for the fraud.” The majority asserts that in analyzing the plaintiffs’ *678 claims, a federal court would “engage in only insubstantial analysis or interpretation of federal law,” but this conclusion fails to recognize that determining whether the defendants complied with the Code is essential to a resolution of the plaintiffs’ claims. The federal government’s interest in the construction of a statute that controls how much tax security-holders must pay is surely as great as its interest in being able to collect delinquent taxes by seizing and selling properties.
It could be argued, of course, that a decision finding jurisdiction in this case might invite a flood of tax-refund suits masquerading as breach-of-contract claims in the federal courts — this case, after all, is based on IRS filings as far back as 1986. However, it is likely that the refund procedures in the Internal Revenue Code, in conjunction with state statutes of limitation, would act as a reasonable limit on the number of cases that were actually heard in federal court.
For these reasons, I concur in the majority’s holding that the plaintiffs’ state law claims are not preempted by federal law but dissent from the remainder of the opinion. I would affirm the district court’s decision to deny the plaintiffs’ motion to remand to state court, reverse the judgment dismissing the complaint on the merits, and remand the case to the district court for further proceedings.