# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2645

———————————————

Anastasia Wullschleger; Geraldine Brewer

*Plaintiffs - Appellees*

v.

Royal Canin U.S.A., Inc.; Nestle Purina Petcare Company

*Defendants - Appellants*

—————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

—————————

Submitted: January 16, 2020
Filed: March 13, 2020

—————————

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

—————————

ERICKSON, Circuit Judge.

Plaintiffs Anastasia Wullschleger and Geraldine Brewer seek to represent a class of Missouri plaintiffs who purchased prescription pet foods at premium prices from Defendants Royal Canin U.S.A., Inc. and Nestle Purina PetCare Company. Plaintiffs allege they were deceived by defendants into believing the products were approved by the United States Food and Drug Administration (FDA). The district court entered an order remanding the action back to state court, finding it lacked

subject matter jurisdiction. We granted the defendants' petition for review under 28 U.S.C. § 1453(c)(1), limiting review to the issue of federal question jurisdiction. Because we conclude that federal question jurisdiction exists, the district court's order is vacated and the case is remanded for further proceedings consistent with this opinion.

## I.    Background

Defendants Royal Canin U.S.A., Inc. and Nestle Purina PetCare Company manufacture prescription pet foods that require the purchaser to consult with a veterinarian and obtain a prescription before purchase. According to the defendants, prescription pet foods are therapeutic formulas for specific health issues, and they may not be tolerated by all pets. However, the defendants have not submitted these pet foods for evaluation by the FDA, and a prescription is not required by law.

On February 8, 2019, plaintiffs filed this putative class action in Jackson County, Missouri. Plaintiffs alleged that defendants' conduct amounted to a joint and coordinated violation of the Food Drug and Cosmetic Act (FDCA) and the FDA's regulatory guidance in the Compliance Policy Guide (CPG). The complaint asserts only state law claims, including violations of the Missouri Merchandising Practices Act (MMPA), Missouri antitrust laws, and Missouri unjust enrichment law. Plaintiffs' prayer for relief includes claims for money damages, and declaratory and injunctive relief requiring that defendants comply with relevant state and federal laws.

Defendants removed the case to federal court, asserting federal jurisdiction under 28 U.S.C. § 1332(d) based on the diversity provisions of the Class Action Fairness Act of 2005 and federal question jurisdiction under 28 U.S.C. § 1331. The district court granted plaintiffs' motion to remand, finding no basis for federal jurisdiction. Defendants appealed to our court for review under 28 U.S.C. § 1453(c)(1). We accepted the appeal solely to consider the issue of federal question jurisdiction.

## II.    Discussion

We review a district court's order of remand for lack of subject matter jurisdiction *de novo*. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). Federal courts have original jurisdiction over all civil actions "arising under" federal law. 28 U.S.C. § 1331. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citations omitted).

In the case before us, plaintiffs rely explicitly on federal law throughout their pleadings. Notwithstanding their explicit reliance on federal law, plaintiffs contend that remand is proper under the Supreme Court's decision in Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804 (1986). The plaintiffs in Merrell Dow alleged claims for negligence and fraud relating to the drug Bendectin, and also alleged the drug was misbranded under the FDCA. In affirming the remand order, the Supreme Court emphasized Congress's refusal to create a federal private right of action for FDCA claims and highlighted the Sixth Circuit's explanation that federal question jurisdiction exists "only if plaintiffs' right to relief *depended necessarily* on a substantial question of federal law." Id. at 807 (quoting Thompson v. Merrell Dow Pharm., Inc., 766 F.2d 1005, 1006 (6th Cir. 1985)) (emphasis in original). In other words, "the presence of a claimed violation of [federal law] as an element of a state cause of action" is insufficient on its own to confer federal jurisdiction. Id. at 814.

Merrell Dow forecloses the removal of state law claims that merely include a violation of federal law as an element of the offense, without other reliance on federal law. Resolution of the MMPA claims in this case might not depend on federal law if the defendants' failure to submit the prescription pet food for FDA review arguably could be sufficient to prove deception under the MMPA. See Mo. Ann. Stat. §

407.025.1; Sitzer v. Nat'l Ass'n of Realtors, Case No. 4:19-cv-0032-SRB, 2019 WL 5381984, at *7 (W.D. Mo. Oct. 16, 2019) (reciting the elements of an MMPA claim). That said, plaintiffs' MMPA claims do not stand alone, and Merrell Dow read as a whole did not "overturn[] decades of precedent." Grabel & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 317 (2005). When determining whether a case "arises under" federal law, resolution depends on whether a federal forum may entertain a state law claim implicating a disputed and substantial federal issue "without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314.

The complaint in this case consists of more than the MMPA claims. It included allegations brought under Missouri antitrust and unjust enrichment laws. Plaintiffs elected to premise these non-MMPA claims on violations and interpretations of federal law. The complaint included no fewer than 20 paragraphs recounting the defendants' specific and coordinated conduct that plaintiffs contend occurred during the five years preceding the filing of the complaint. Compl. ¶¶ 55–74. As evidence of coordination and conspiracy, plaintiffs explicitly claim that defendants violated the FDCA, were non-compliant with FDA guidance, and that their refusal to submit the prescription pet food to FDA review was improper. Id. According to the plaintiffs' complaint, when confronted with a choice to continue non-compliance or submit to FDA review, the defendants "decided jointly" to continue their conspiracy and market the prescription pet food "in violation of federal and state law." Id. at ¶¶ 63, 73. Plaintiffs' dependence on federal law permeates the allegations such that the antitrust and unjust enrichment claims cannot be adjudicated without reliance on and explication of federal law.

Moreover, plaintiffs' prayer for relief invokes federal jurisdiction because it seeks injunctive and declaratory relief that necessarily requires the interpretation and application of federal law. After alleging violations of the FDCA throughout the complaint, plaintiffs request judgment: (1) "[f]inding, adjudging, and decreeing" that

defendants have violated federal law; (2) enjoining defendants from engaging in further violations of federal law; and (3) estopping defendants from denying that prescription pet food is a "drug" and "enjoining Defendants to comply with all federal and Missouri provisions applicable to the manufacture of such drugs. . . ." Compl. ¶¶ 136–138; see also 21 U.S.C. § 321(g)(1) (FDCA defining "drug"). The face of plaintiffs' complaint gives rise to federal question jurisdiction and plaintiffs' isolated focus on their alleged state law claims is nothing more than an apparent veil to avoid federal jurisdiction.

Based on the allegations in the complaint and relief sought, we find a federal issue surrounding the state law claims is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013). When all four of these requirements are met, federal jurisdiction is proper. Id.

## III. Conclusion

The district court's order of remand is vacated. We remand the case to the district court for further proceedings consistent with this opinion.

_____