*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0306P (6th Cir.)
File Name: 03a0306p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

THOMAS P. LOFTIS,
    *Plaintiff-Appellee,*

    *v.*

No. 01-6194

UNITED PARCEL SERVICE,
INC.; DAVID COLE,
    *Defendants-Appellants,*

KENNETH ADKINS,
    *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 01-00267—James H. Jarvis, District Judge.

Argued: March 11, 2003

Decided and Filed: August 26, 2003

Before: MOORE and CLAY, Circuit Judges; LAWSON,
District Judge.[*]

———————————

*The Honorable David M. Lawson, United States District Judge for
the Eastern District of Michigan, sitting by designation.

———————————

## COUNSEL

**ARGUED:** Larry W. Bridgesmith, WALLER, LANSDEN, DORTCH & DAVIS, Nashville, Tennessee, for Appellants. Richard Baker, BAKER, GULLEY & OLDHAM, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Larry W. Bridgesmith, Mark W. Peters, WALLER, LANSDEN, DORTCH & DAVIS, Nashville, Tennessee, for Appellants. Richard Baker, BAKER, GULLEY & OLDHAM, Knoxville, Tennessee, for Appellee.

———————————

## OPINION

———————————

DAVID M. LAWSON, District Judge. The question presented by the parties in this appeal is whether the lower court abused its discretion when, after some of the defendants had removed the case to federal court under 28 U.S.C. § 1441, the district court allowed the plaintiff to amend his complaint to delete the allegations that made the case removable, and then remanded the case to state court. We do not reach that issue, because we find that there is a more fundamental defect in the removal procedure. Because we find that the removal was defective due to the failure of all defendants to join in the removal petition, we affirm the district court's order of remand.

I.

The events giving rise to this case occurred on April 29, 1999 at the United Parcel Service facility on Callahan Road

in Knoxville, Tennessee.[1]  Two UPS employees, Thomas Loftis, the plaintiff-appellee, and Kenneth Adkins, the defendant-appellee, became involved in a "heated" argument involving job start times.  Adkins reported the incident to the police, and later met with defendant-appellant Cole, a security supervisor for defendant-appellant UPS.  Thereafter, Adkins contended that the plaintiff had physically assaulted him.  Cole then terminated the plaintiff without further warning, as permitted by the terms of a collective bargaining agreement that listed fighting as a cardinal violation that warranted immediate discharge.

Criminal proceedings were initiated against the plaintiff on the basis of Adkins' complaint.  UPS filed a civil complaint seeking a temporary restraining order and permanent injunction against the plaintiff based on the alleged physical assault.  The criminal proceedings and the application for the injunction were eventually dismissed.

On April 27, 2000, the plaintiff filed a complaint in the Circuit Court for Knox County, Tennessee, alleging that UPS, Cole, and Adkins engaged in behavior that constituted the torts of outrageous conduct, malicious prosecution, and abuse of process under Tennessee law.  Thereafter, Adkins signed an affidavit dated May 2, 2001 in which he recanted testimony he had given previously in the injunction proceedings and at an arbitration hearing that the plaintiff had physically assaulted him.  In the affidavit, Adkins stated that the April 29, 1999 incident never involved any physical contact, and that UPS security supervisor Cole threatened and coerced Adkins to fabricate his story that the plaintiff had physically assaulted him so that Cole would have cause to fire the plaintiff from his union-protected job at UPS.  The

---

[1]The facts of this case are essentially the same as those in *International Brotherhood of Teamsters, Local 519 v. United Parcel Service, Inc.*, 335 F.3d 497 (6th Cir. 2003), which concerned a grievance arbitration brought on the plaintiff's behalf by his union local.

plaintiff then amended his complaint on May 3, 2001 in state court to include allegations that all of the actions taken by the defendants against the plaintiff were "to gain advantage in an employment dispute" and "to discharge plaintiff Tom Loftis since he fully and actively exercised his rights as a union member," and that "[s]uch conduct is outrageous in the extreme and could serve to undermine the current peace between labor and management throughout the United States."  First Am. Compl. ¶ 26.

Within thirty days of receiving the amended complaint, defendants UPS and Cole filed their removal petition in federal court pursuant to 28 U.S.C. § 1441(b), contending that the new allegations asserted, in effect, an unfair labor practice claim under 29 U.S.C. § 158(a) over which federal courts have original federal question jurisdiction under the doctrine of complete preemption.  *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (citing *Avco Corp. v. Machinists*, 390 U.S. 557 (1968)); *San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236 (1959).  Adkins did not join in the removal petition, and in fact filed a timely motion to remand based on lack of jurisdiction.  The plaintiff likewise filed a motion to remand.  UPS and Cole opposed these motions.  Soon thereafter, the plaintiff filed a motion to further amend his complaint along with a proposed second amended complaint, followed a day later by a second motion to remand.  The proposed second amended complaint deleted the language added by the first amended complaint, upon which UPS based its removal. The defendants filed responses in opposition to these motions as well.

In a memorandum opinion and order dated August 23, 2001, the district court denied Adkins' motion to remand, denied the plaintiff's original motion to remand, granted the plaintiff's motion to amend, directed the clerk to file the amended complaint, granted the plaintiff's second motion to remand, and remanded the case to the Circuit Court for Knox County, Tennessee.  The court reasoned that the plaintiff's

amended complaint alleged an unfair labor practice within the meaning of Section 8(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 158(a), thereby stating a cause of action "arising under" the laws of the United States, and was properly removed under 28 U.S.C. § 1441(b). Because the district court concluded it had removal jurisdiction, it felt compelled to deny Adkins' motion and the plaintiff's first motion to remand. However, after permitting the plaintiff to file his second amended complaint, the lower court observed that no federal cause of action remained. Although the court believed that the amendment to the complaint did not divest it of subject matter jurisdiction over the remaining state law claims, the district court, in its discretion, declined to exercise supplemental jurisdiction over those claims and remanded them to the state court. *See* 28 U.S.C. § 1367(c).

Defendants UPS and Cole filed a motion to stay the order of remand and a motion for reconsideration, both of which were denied by the district court. The defendants then filed a notice of appeal and a motion for stay pending appeal. The motion for stay was denied by the district court. This appeal followed.

## II.

The plaintiff previously filed a motion to dismiss this appeal, contending that this Court lacked jurisdiction to review an order of remand because of the prohibition stated in 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."). Another panel denied the plaintiff's motion, finding that we have jurisdiction over an appeal from a district court's discretionary decisions to remand that are not based on lack of subject matter jurisdiction or defects in the removal procedure. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996); *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 460 (6th Cir. 2002). Although questions of subject matter jurisdiction are reviewed *de novo, Long v. Bando Mfg. of Am.,*

*Inc.*, 201 F.3d 754, 759 (6th Cir. 2000), it is the lower court's exercise of discretion to remand the plaintiff's pendent state law claims that is called into question by defendants UPS and Cole in this appeal. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 348 (1988) (holding that "a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendent state-law claims remain."). Were we to reach that issue, we would review for abuse of discretion the district court's decision to refuse to exercise jurisdiction over pendent state claims, *Landefeld v. Marion Gen. Hosp. Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993), as we would employ a deferential standard of review of a district court's decision to grant a motion to amend a complaint pursuant to Federal Rule of Civil Procedure 15(a). *See Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989) ("The decision as to when 'justice requires' an amendment is within the discretion of the trial judge, and we review the decision under an abuse of discretion standard."); *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978) ("The grant or denial of a motion for leave to amend under Rule 15 is within the sound discretion of the District Court, and will be reversed only for an abuse of discretion.").

However, we do not reach the question of the district court's exercise of discretion because we find that there was a more basic defect in the removal procedure, as explained below, that normally would be insulated from appellate review by 28 U.S.C. § 1447(d), but which is presented to us for decision by the unique procedural posture of the case. *Compare Baldridge v. Kentucky-Ohio Transp., Inc.*, 983 F.2d 1341 (6th Cir. 1993). Although the case is before this court on a challenge to the district court's exercise of discretion in refusing to retain jurisdiction over pendent state law claims under 28 U.S.C. § 1367(c), we believe that the record plainly demonstrates that the removal petition was defective because all defendants did not join in the petition or consent to removal. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999), *cert. denied*, 528 U.S.

1076 (2000). Defendant Adkins not only failed to consent to the removal, but affirmatively opposed it and filed a timely motion to remand. Adkins did not assert the rule of unanimity in support of his motion to remand. However, in reviewing a lower court decision, we may affirm for any reason presented in the record, even if the reason was not raised below. *U.S. Postal Serv. v. Nat'l Ass'n of Letter Carrier, AFL-CIO*, 330 F.3d 747, 750 (6th Cir. 2003) ("We may affirm a decision of the district court if correct for any reason, including one not considered below."); *City Mgmt. Corp. v. U.S. Chem. Co. Inc.*, 43 F.3d 244, 251 (6th Cir. 1994) (explaining that court of appeals may affirm a decision of the district court "on any grounds supported by the record").

The question of whether there is a defect in the removal procedure is a purely legal one, which we review *de novo*. We turn first, however, to the plaintiff's challenge to the district court's subject matter jurisdiction.

### A.

Among the arguments advanced by the plaintiff in support of the order of remand is the contention that the federal court had no subject matter jurisdiction to begin with, since the first amended complaint did not state a claim under Section 8 of the LMRA, and therefore contained no cause of action "arising under" the laws of the United States. *See* 28 U.S.C. §§ 1331, 1441(b). The plaintiff reasons that want of federal question jurisdiction *required* a remand.

Defendants UPS and Cole argue that the first amended complaint's added language, stating that Cole and UPS effectively suborned perjury in order to "gain advantage in an employment dispute" and fabricate a reason to discharge the plaintiff in retaliation for exercising his rights as a union member, made out a claim "arising under" federal law, regardless of the plaintiff's lack of intent to plead such a claim. They contend that the allegations describe an unfair

labor practice, and that claims of that nature are preempted by the LMRA.

Federal courts use the "well-pleaded complaint" rule to determine "arising under" jurisdiction. *Long*, 201 F.3d at 758. That rule provides that "'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id*. (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "[T]he party who brings the suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913). "The well-pleaded complaint rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994).

Generally, a state law claim cannot be "recharacterized" as a federal claim for the purpose of removal. *Taylor*, 481 U.S. at 63. Similarly, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12 (1983)). However, if an area of the law is "completely preempted," then the state law claim is displaced by the federal cause of action, and the action is subject to removal. *Taylor*, 481 U.S. at 63-64; *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995) (en banc). The rationale undergirding this exception is that where federal preemption is so complete that conflicting state law not only must yield but is effectively extinguished, the only theory of recovery remaining is the federal claim, which takes the place of the state law claim recited in the complaint. *See Beneficial Nat. Bank v. Anderson*, 123 S. Ct. 2058, 2063 (2003) ("When the federal

statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."); *Warner*, 46 F.3d at 534. The complaint itself is therefore deemed to state a federal cause of action.

Complete preemption occurs in cases that fall within the scope of the LMRA. *Miller v. Norfolk and Western Ry. Co.*, 834 F.2d 556, 564 (6th Cir. 1987) ("The complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by section 301 of the LMRA.") (citing *Avco Corp. v. Machinists*, 390 U.S. 557 (1968)). Section 7 of the Act secures a worker's right to chose to join a labor union, and Section 8(a) provides, among other things, that an employer who interferes with an employee's exercise of that right, or discriminates or retaliates against an employee because of membership in a labor union or participation in union activities, commits an unfair labor practice. 29 U.S.C. § 158(a); *Goldtex, Inc. v. NLRB*, 14 F.3d 1008, 1014 (4th Cir. 1994) (holding that "Section 8(a)(3) of the Act ensures that no employee may be discharged because of participation in union activities."); *Cumberland Farms, Inc. v. NLRB*, 984 F.2d 556, 560 (1st Cir. 1993) ("When an employer discharges an employee for supporting a union, he violates the Act, 29 U.S.C. § 158(a)(3), unless he proves that he would have taken the same action in the absence of the employee's union activities."). The essence of an unfair labor practice under Section 8(a) is an employer's unfair treatment of an employee because of the employer's anti-union animus.

The plaintiff's first amended complaint filed in state court specifically alleged that UPS's outrageous conduct was perpetrated upon the plaintiff "in an attempt to discharge [him] since he fully and actively exercised his rights as a union member." First Am. Compl. ¶ 26. The plaintiff also alleged that the defendants' conduct might result in far-reaching consequences that could "undermine the current peace between labor and management throughout the United

States." *Ibid.* Whether or not he intended to plead it, the plaintiff defined an unfair labor practice. As the district court correctly observed, the allegations describe acts that could undermine the "industrial peace" that the NLRA was designed to preserve. *See Brooks v. NLRB*, 248 U.S. 96, 103 (1954). *See also NLRB v. Burns Int'l Sec. Services, Inc.*, 406 U.S. 272, 287 (1972). The district court correctly concluded that the first amended complaint contained a claim "arising under" federal law.

B.

As noted earlier, there is a rule of unanimity that has been derived from the statutory language prescribing the procedure for removing a state action to federal court, 28 U.S.C. § 1446. This rule of unanimity demands that all defendants must join in a petition to remove a state case to federal court. *See Brierly*, 184 F.3d at 533 n.3 ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal."). Section 1446 states that "[a] *defendant or defendants* desiring to remove any civil action . . . shall file . . . a notice of removal." 28 U.S.C. § 1446(a) (emphasis added). In *Chicago, R. I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900), this statute's precursor containing similar language was interpreted to mean that all the defendants must unite in a petition for removal to federal court. Although in *Brierly* we mentioned this rule in the context of determining the time within which an earlier-served defendant must consent to a later-served defendant's removal effort, *see Brierly*, 184 F.3d at 533 n.3, no case decided in this Circuit has made explicit the rule requiring unanimous consent to removal. However, the rule is universally accepted in the other circuits to consider the question. *See Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 754 (8th Cir. 2001); *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995); *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *Hewitt v. City of Stanton*,

798 F.2d 1230, 1232 (9th Cir. 1986); *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272-73 (7th Cir.1982); *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981).

Consistent with the prevailing view, we hold that all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354 (1999). Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446.

In the present case, only defendants UPS and Cole joined in the removal notice. Defendant Adkins did not consent to the removal; in fact, he opposed it, and registered his opposition by filing a motion to remand. It is true that technical defects in the removal procedure, such as a breach of the rule of unanimity, may not be raised *sua sponte*, and must be raised by a party within thirty days of removal or they are waived. *See* 28 U.S.C. § 1447(c); *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995). However, we believe that frank opposition to removal by a codefendant who affirmatively seeks a remand within the thirty-day period satisfies the prerequisite of a motion, and empowers the district court to enforce the unanimity requirement. Because the defendants were expressly divided in their desire to remove, the district court should have granted the initial motions to remand.

### III.

We express no view on the district court's decision to permit the plaintiff to amend his complaint to eliminate language that transformed his state law causes of action into an unfair labor practice claim, or the decision to remand the state law claims to the Tennessee state court under 28 U.S.C.

§ 1367(c). However, we find that the district court should have granted the plaintiff's initial motion, and defendant Adkins' motion, to remand because defendants UPS and Cole failed to satisfy the rule of unanimity. Because the lower court arrived at the correct result, albeit by means of mistaken reasoning, the order remanding the case to state court is **AFFIRMED**.