**David Keith JOHNSTON,
Plaintiff–Appellant,**

v.

**Linda SANDERS; Joe Meko; Chuck Kilgore; J.J. Locke; Darren Hankins; Billy B. Caudell; Kathleen Hawk Sawyer; John Ashcroft, Defendants–Appellees.**

No. 03–5823.

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2004.

David Keith Johnston, Florence, AL, Pro se.

Before MERRITT and SUTTON, Circuit Judges; and FEIKENS, District Judge.*

*ORDER*

David Keith Johnston, a pro se federal prisoner, appeals a district court judgment dismissing his complaint filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Seeking monetary relief, Johnson asserted that his double jeopardy rights, due process rights, and Eighth Amendment rights were violated when he was subject-

---

* The Honorable John Feikens. United States District Judge for the Eastern District of Michigan, sitting by designation.

ed to prison disciplinary proceedings after he had been criminally prosecuted for escaping from prison. As a result of disciplinary proceedings, Johnston received an assortment of sanctions, including the loss of 27 days of good-time credit. The district court sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915A, reasoning that Johnston's double jeopardy rights had not been violated and that his due process and Eighth Amendment claims were too vague and conclusory to state a claim.

In his timely appeal, Johnston reasserts his double jeopardy and due process claims.

As an initial matter, we decline to consider Johnston's Eighth Amendment claim because he does not reassert the claim on appeal. Issues raised in the district court but not on appeal are considered abandoned and are not reviewable. *Kocsis v. Multi–Care Mgmt.,* 97 F.3d 876, 881 (6th Cir.1996).

Upon de novo review, we conclude that the district court's judgment must be affirmed for reasons other than those stated by the district court. *See Loftis v. United Parcel Serv.,* 342 F.3d 509, 514 (6th Cir. 2003); *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000).

Johnston's claims are not cognizable because he challenges the procedure used to deny him good-time credits. In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court ruled that a prisoner cannot bring a civil rights action directly challenging his confinement, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486–87. A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief. *Id.* at 489–90 (claim for damages is not cognizable); *Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). In *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court extended *Heck* to bar 42 U.S.C. § 1983 actions that do not directly challenge confinement, but instead challenge procedures which necessarily imply unlawful confinement. *Id.* at 646. Specifically, the Court held that *Heck* barred due process claims that would necessarily imply the invalidity of the loss of good-time credits, until the prison disciplinary conviction was reversed. *Id.* This court has extended *Heck* to *Bivens* actions. *Lanier v. Bryant,* 332 F.3d 999, 1005 (6th Cir. 2003). Thus, Johnston cannot challenge a disciplinary proceeding resulting in a loss of good-time credits in a *Bivens* action because his disciplinary conviction has not been reversed. *See Edwards,* 520 U.S. at 646.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.