OPINION
BALDOCK, Circuit Judge.
Appellant, the Official Committee of Unsecured Creditors (Committee), filed a complaint in the bankruptcy court seeking to recharacterize various claims of Appellees, General Electric Capital Corporation (GECC), as equity rather than debt and to equitably subordinate those claims. The bankruptcy court dismissed the Committee’s recharacterization claims and granted summary judgment in favor of GECC on the equitable subordination claims.[1] The *450 bankruptcy court dismissed the Committee’s request for recharacterization as untimely under the court-approved Joint Liquidating Plan of Reorganization (Plan). The district court affirmed, finding the Committee’s recharacterization claims were “claim objections” under the Plan. The court accordingly dismissed the Committee’s recharacterization claims as untimely because they were filed nine months after the claim objections deadline.
On appeal, the Committee argues the bankruptcy court and district court erred in holding its recharacterization claims were “claim objections” under the Plan and thus subject to the claim objections deadline. According to the Committee: (1) recharacterizing a claim is not an objection to the “allowance” of a claim under Provision 1.1.17 of the Plan, thereby rendering the Plan’s claim objections deadline inapplicable; and (2) its recharacterization claims fall within the subordinated claims exception identified in the Plan. Applying the same standard of review as the district court, we review the bankruptcy court’s legal conclusions de novo and its factual findings for clear error. In re Crowell, 305 F.3d 474, 476 (6th Cir.2002). Applying this standard, we affirm for substantially the same reasons as the district court.
I.
Debtor, the J. Peterman Company (later renamed Russell Cave Company, Inc.), filed a Chapter 11 petition in bankruptcy on January 5, 1999. The Office of the United States Trustee appointed the Committee to facilitate the liquidation of Debt- or’s assets. GECC, a general unsecured creditor in the J. Peterman bankruptcy, filed its proof of claim on August 11, 1999. The majority of Debtor’s assets were sold in the Chapter 11 proceeding. Debtor and the Committee thereafter proposed the Plan to govern, among other things, the disposition of the remainder of Debtor’s assets and claims. The bankruptcy court approved the Plan. The Debtor and Estate (i.e., the Unsecured Creditor’s Committee) had the responsibility under the Plan to make “claim objections.” Specifically, Provision 1.1.17 in the Plan defines a “claim objection” as:
The rights of the Debtor and the Estate to object to allowance and/or payment of any Claim for any reason, including, without limitation, the grounds set forth in Sections 502, 503, 506 and 507 of the Bankruptcy Code, but not including the right to seek subordination of any Claim under Sections 509 and 510 of the Bankruptcy Code, or otherwise, [emphasis added].
The Plan established the deadline for all claim objections as March 14, 2000, the first business day 120 days after the confirmation date.
The Committee filed an adversary proceeding against GECC on January 25, 2001, more than nine months after the claim objections deadline. The Committee challenged GECC’s previously allowed unsecured claims. In relevant part, the Committee’s complaint sought to recharacterize the interests of GECC from debt to equity. Upon GECC’s motion to dismiss, the bankruptcy court ruled the Committee’s recharacterization claims were time-barred under the Plan. The district court affirmed. The district court held:
The Committee’s recharacterization claims were claims objections as defined under the Plan. Because the re-characterization claims were claim objections, and because these claim objections were filed some nine months after the claim objections deadline, the Committee’s claims were untimely. For this reason, the Bankruptcy Court properly dismissed the Committee’s claims.
*451 II.
The Plan’s definition of “claim objections” is very broad. A claim objection under the Plan is the right of the Debtor and the Estate to object to the allowance and/or payment of any Claim for any reason. The Committee’s recharacterization claims fall squarely within the Plan’s definition of claim objections because the Committee is objecting to (1) the “allowance” of a claim, and (2) the payment of a claim. We address each in turn, and then reject the Committee’s argument that its recharacterization claims are subordination claims.
A.
First, a claim seeking to recharacterize debt to equity is the same as objecting to the claim’s “allowance.” See In re Micro-Precision Tech., Inc., 303 B.R. 238, 243 (Bankr.D.N.H.2003) (noting a claim for re-characterization may be raised as an objection to a claim). A recharacterization claim and objecting to a claim’s allowance are one-in-the same because the bankruptcy court “may consider other equitable grounds alleged as the basis of the disallowance of a claim such as the reclassification [or recharacterization] of a claim as an equity interest.”[2] See 2 Lawrence P. King, ed., Collier Bankruptcy Manual ¶ 502.03[1] (3d ed.1995) (emphasis added). A debtor's request to recharacterize a claim is a request for the bankruptcy court to hold a debt, and hence any claim, is nonexistent. See In re AutoStyle Plastics, Inc., 269 F.3d 726, 748-49 (6th Cir.2001) (noting recharacterization cases “turn on whether a debt actually exists.... If a claim is recharacterized ... the advance is not a claim to begin with.”) (internal citations and quotations omitted); see also In re Georgetown Building Assoc., 240 B.R. 124, 137 (Bankr.D.C.1999) (noting “if a particular advance is [equity], it never becomes a claim.”); see also 11 U.S.C. §§ 101(5) and 101(12) (defining “claim” as a right to payment and “debt” as liability on a claim).[3]
In this case, the Committee sought to recharacterize GECC’s debt claims as equity. The Committee essentially argued GECC had no claim and that it possessed only an equity interest. See Georgetown, 240 B.R. at 139. Thus, the Committee was clearly objecting to GECC’s claims by asserting to the bankruptcy court that the claims should be “disallowed” as debt.
B.
Second, the Committee’s request for re-characterization was also an objection to the payment of the claims. The Committee would not have filed a complaint (i.e., objection) if it was comfortable with the payment arrangement and the status of claims in the Plan. Moreover, the Committee ostensibly understood GECC would probably not be entitled to any distributions under the Plan if its claims were recharacterized as equity.[4] GECC would not be entitled to any distribution because insufficient funds exist to pay-off the debts of unsecured creditors, much less those holding a mere equity interest. See 11 U.S.C. §§ 507, 1129(b)(2)(B)-(C) (explaining that for purposes of confirming a plan, *452 equity interests are generally treated as junior to claims). The Committee, therefore, was clearly objecting to the payment of GECC’s claims. In short, as the bankruptcy court and district court found, the Plan’s definition of “claim objections” is inclusive of a recharacterization claim. The provisions of a confirmed Plan are binding on all parties, 11 U.S.C. § 1141(a), and we reject the Committee’s attempt to sidestep the language in the Plan it agreed upon.[5]
C.
Third, the Committee’s argument that its recharacterization claims are essentially subordination claims is misguided. Re-characterization and equitable subordination serve different functions. See AutoStyle, 269 F.3d at 748.[6] To recharacterize a claim, the bankruptcy court must determine whether an advance of money is equity instead of debt. Id. at 749. To equitably subordinate a claim, the court must determine whether a creditor engaged in inequitable conduct. Id. The function of the bankruptcy court in each situation is different: the former focuses on the existence of a debt or claim whereas the latter focuses on the conduct of the creditor. As we recently explained, “[i]f a claim is re-characterized and, therefore the advance is not a claim to begin with and the creditor is not a legitimate one, then equitable subordination never comes into play.” Id. (internal citations and quotations omitted).
Here, the Committee’s request for re-characterization of GECC’s claims was wholly distinct from its request for equitable subordination. In fact, the Committee filed its recharacterization claims as separate counts from its equitable subordination claims in its complaint. The Committee is thus precluded from now arguing its claims fall under the Plan’s equitable subordination exception. As the district court explained, “because the debt itself is challenged-not merely its character the [Committee’s] challenge is properly considered a claim objection, not a claim for subordination.”
III.
In conclusion, the Committee’s recharacterization claims were claim objections as defined under the Plan. The Committee filed its claim objection nine months after the claim objections deadline. We therefore hold the Committee’s objections clearly time-barred under the Plan.[7] The bankruptcy court’s order dismissing the Committee’s recharacterization claims is AFFIRMED.

. The bankruptcy court's order granting summary judgment for GECC on the Committee’s equitable subordination claims is not challenged on appeal.

. Although the Committee asserted at oral argument that "reclassification” is different from "recharacterization,” it fails to provide any supporting authority explaining what that difference might be.

. The Bankruptcy Code treats debt (liability on a claim) and equity (referred to as simply an "interest” in the debtor) differently. See e.g., 11 U.S.C. §§ 101(5), 101(12), and 1129(b)(2)(B)-(C); see also AutoStyle, 269 F.3d at 748-49.

. In fact, counsel for the Committee conceded at oral argument that if GECC's claims were recharacterized as equity, GECC would probably not get paid.

. The Committee’s argument that recharacterization is a separate cause of action subject to the two (2) year limitations period contained in § 546(a) of the Bankruptcy Code is also misguided. The Committee fails to explain how § 546(a) is relevant to this case given that the provision is explicitly limited to ”[a]n action or proceeding under section 544, 545, 547, 548, or 553.” 11 U.S.C. § 546(a). Further, Federal Rule of Bankruptcy Procedure 7001 does not list recharacterization as a matter that must be brought in a separate adversary proceeding.

. At oral argument, counsel for the Committee submitted it was seeking "subordination” and not necessarily "equitable subordination.” We disagree. The Committee is correct that the "effect” of recharacterizing a claim from debt to equity may be subordination of that interest. See AutoStyle, 269 F.3d at 749. The Committee’s argument that a Plan exception applies to its "subordination” claims, however, is based upon the equitable subordination exception in 1.1.17 of the Plan.

. Because we may affirm for any reason supported by the record, see Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 514 (6th Cir. 2003), we need not address the Committee's alternative arguments.