Kenyatta BANTOM, Plaintiff,

v.

DTE ENERGY COMPANY, Defendant.

Case No. 11–13470.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 23, 2011.

Cherika A. Harris, Southfield, MI, for Plaintiff.

Donelle Renee Buratto, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, Bloomfield Hills, MI, Martin C. Brook, Ogletree, Deakins, Bloomfield Hills, MI, for Defendant.

## ORDER REMANDING CASE TO WAYNE COUNTY, MICHIGAN CIRCUIT COURT

DAVID M. LAWSON, District Judge.

Plaintiff Kenyatta Bantom filed a lawsuit against defendant DTE Energy Company in the Wayne County, Michigan circuit court, alleging retaliatory discharge against public policy, negligent discharge, defamation, and intentional infliction of emotional distress. On August 10, 2011, the defendant removed the action to this Court alleging federal question jurisdiction under 28 U.S.C. § 1331. The complaint contains no federal cause of action, but the defendant contended that the plaintiff's state law claims are completely preempted by the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.*, and therefore the federal court has exclusive jurisdiction over the action. Because the argument was unconvincing and implicated this Court's subject matter jurisdiction, the Court ordered the defendant to show cause why the case should not be remanded to state court. The defendant filed its response to the show cause order on September 16, 2011. After reviewing the response, the Court remains convinced that it lacks subject matter jurisdiction. Therefore, the case will be remanded to state court.

I.

According to the complaint, the plaintiff was an eight-year employee of the defendant, which is a local residential electricity supplier. The plaintiff's own electrical service was shut off for nonpayment of his electric bill in 2006. The plaintiff alleged that he paid his bill, but his service was not restored promptly, so he reconnected it himself. Apparently, the plaintiff came under investigation by his employer again in 2008, and he was fired for multiple reasons, including theft of "gas" and his act of restoring his own electrical service. The plaintiff's state court complaint alleges claims for retaliatory discharge against public policy, negligent discharge, defamation, and intentional infliction of emotional distress.

The defendant reads the complaint as alleging that the plaintiff was discharged without just cause when the defendant failed to investigate and prove the claims against him, and the defendant discharged him for engaging in union activity. The defendant says that what is really going on here is the plaintiff's attempt to relitigate a union grievance that was not decided favorably toward him. The defendant explains that the plaintiff was represented by

the Trades, Office Professional and Technical and Gas, Local 223 of the Utility Workers Union of America, and the terms and conditions of employment are set out in a collective bargaining agreement (CBA). All of the counts of the complaint arise from the plaintiff's termination. Therefore, the defendant reasons, to succeed in his case, the plaintiff must rely on and ask the Court to interpret the CBA.

However, the plaintiff never mentions in his complaint the union, the CBA, or any union activity. He does not identify any public policy that was violated by his termination. The defendant admits that the plaintiff does not specify what policies and procedures created his expectation of just cause employment. And although the defendant asserts, perhaps correctly, that the plaintiff cannot win his case without relying on the CBA, the plaintiff never references that document or even mentions union activity or unfair labor practices in his complaint.

## II.

■ As mentioned in the order to show cause, federal district courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests with the defendant, as the party removing the case and asserting federal jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 757 (6th Cir.2000). " '[A]ll doubts as to the propriety of removal are resolved in favor of remand.' " *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.,* 401 F.3d 701, 704 (6th Cir.2005) (quoting *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008).

Title 28, section 1441(a) of the United States Code permits defendants in civil actions to remove cases originally filed in state courts to federal district courts where the district court would have had original jurisdiction. In this case, the defendant contends that original federal jurisdiction exists under 28 U.S.C. § 1331 because the plaintiff's claims "aris[e] under the Constitution, laws, or treaties of the United States."

■ However, federal courts use the "well-pleaded complaint" rule to determine "arising under" jurisdiction. *Long,* 201 F.3d at 758. A claim falls within this Court's original jurisdiction under 28 U.S.C. § 1331 "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." *Thornton v. Southwest Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir.1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). "[The well-pleaded complaint] rule provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' " *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 514 (6th Cir.2003) (quoting *Long,* 201 F.3d at 758). "[T]he party who brings a suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913). "Since the plaintiff is the 'master of his complaint,' the fact that a claim could be stated under federal law does not prevent him from stating it under state law only." *Eastman v. Marine Mechanical Corp.,* 438 F.3d 544, 550 (6th Cir.2006) (citing *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 943 (6th Cir.1994)).

■ The plaintiff has not asserted a federal cause of action in his complaint. The defendant characterizes the complaint as asserting a claim under section 301 of the Labor Management Relations Act, over which federal courts have exclusive jurisdiction. *See* 29 U.S.C. § 185(a). The Sixth Circuit has explained:

> Generally, a state law claim cannot be "recharacterized" as a federal claim for the purpose of removal. [*Metro. Life Ins. Co. v.*] *Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Similarly, "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). However, if an area of the law is "completely preempted," then the state law claim is displaced by the federal cause of action, and the action is subject to removal. *Taylor,* 481 U.S. at 63–64, 107 S.Ct. 1542; *Warner v. Ford Motor .Co.,* 46 F.3d 531, 534 (6th Cir. 1995) (en banc). The rationale undergirding this exception is that where federal preemption is so complete that conflicting state law not only must yield but is effectively extinguished, the only theory of recovery remaining is the federal claim, which takes the place of the state law claim recited in the complaint. *See Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within· the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."); *Warner,* 46

F.3d at 534. The complaint itself is therefore deemed to state a federal cause of action.

*Loftis,* 342 F.3d at 515. "Causes of action within the scope of section 301 are removable to federal court under the doctrine of complete preemption." *Brittingham v. General Motors Corp.,* 526 F.3d 272, 277 (6th Cir.2008) (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

■ However, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law." *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 211, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). "It is only 'when resolution of a state-law claim is *substantially* dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that [the] claim must either be treated as a § 301 claim ... or dismissed as pre-empted by federal labor-contract law.'" *Brittingham,* 526 F.3d at 278 (quoting *Allis–Chalmers Corp.,* at 471 U.S. at 220, 105 S.Ct. 1904); *see also Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405–06, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) (holding that "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law ... is pre-empted and federal labor-law principles—necessarily uniform throughout the Nation—must be .employed to resolve the dispute").

A careful reading of the complaint in this case reveals that the plaintiff relies not at all on the CBA. At least he does not claim to do so. He does not suggest the source of his expectation of just–cause employment except for a cryptic reference to the "[d]efendant's policies and procedures." The defendant insists that the

only source of such policies could be the CBA, an argument fortified, perhaps, by the allegations that the plaintiff "exercised his rights of free speech and freedom of association by speaking and meeting with other concerned individuals working for Defendant," Compl. ¶ 27, which conceivably could reference union organizing activity. But a heavy dose of imagination is required to extract from the complaint a claim of unfair labor activity or violation of the CBA.

The defendant argues that the plaintiff cannot possibly prevail without relying on the CBA. That may be true, but the plaintiff has not done so in his complaint, and the Court cannot read into the complaint allegations that the plaintiff himself has declined to plead. It may come to pass that the plaintiff will see the need to amend his complaint to include allegations that define an unfair labor practice, or that require interpreting the CBA's language. *See Loftis*, 342 F.3d at 515–16. Should that occur, the defendant may have grounds for removal of the action. For the present, however, when viewing the complaint as presently drafted, the Court cannot conclude that resolution of the state law claims asserted would be substantially dependent on the terms of a labor agreement between the parties.

### III.

The complaint does not contain a federal cause of action, and none of the state law causes of action requires resolution of a substantial federal question. The complaint does not make reference to or require the interpretation of a collective bargaining agreement, nor does it otherwise invoke section 301 of the Labor Management Relations Act, and therefore it does not trigger complete preemption. There is no federal question jurisdiction, and there-fore the Court has no subject matter jurisdiction.

Accordingly, it is **ORDERED** that the case is **REMANDED** to the Wayne County, Michigan circuit court.