Warren **DAVIS**, et al., Plaintiff,

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW),** Defendant.

**No. CIV. 02–74211.**

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 1, 2003.

Ronald J. Reosti, Reosti, James, Detroit, MI, Ellis Boal, Charlevoix, MI, for Plaintiff.

Michael B. Nicholson, William A. Wertheimer, Jr., Daniel W. Sherrick, UAW International Union Legal Department, Detroit, MI, M. Jay Whitman nternational Union, UAW, Legal Dept., Detroit, MI, for Defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

Plaintiff Warren Davis filed suit against the United Auto Workers (UAW) chal-lenging the legality of actions taken at a convention held in June 2002 under the Labor–Management Reporting and Disclosure Act (LMRDA). Defendant filed a motion to dismiss plaintiff's complaint on the grounds that this court lacks subject matter jurisdiction, and under 12(b)(6), claiming that the complaint failed to state a legally cognizable claim. Plaintiff filed a motion to file a second amended complaint.

### Factual Background

Plaintiff served as director of Region 2 of the UAW from 1983 until June 6, 2002, when Region 2 was dissolved at a UAW convention in Las Vegas. One of the functions of the convention is to elect UAW officers, including the director of each region. Prior to the convention, plaintiff had decided to retire and run for Congress. At the time of the convention he was 67, and by an unwritten rule of the Administrative Caucus, members generally did not run for office after the age of 65.

While at the convention, Davis had a change of heart. When he was nominated for director by the delegates of Region 2, he did not decline the nomination, and was elected on June 5, 2002. The following morning, the Administrative Caucus distributed a leaflet saying that Davis had violated the over–65 rule, lied to members about his intentions and denied them an honest election. The leaflet also indicated that the constitution committee was outraged, and would produce an amendment to article 10 section 21 of the constitution to break up Region 2 and distribute its members. Later the same day, Davis attended a meeting of the administrative caucus, where he was fired by the President of the UAW.

According to the UAW constitution, copies of all constitutional amendments to be considered at the convention must be

submitted at least three weeks before the convention, and then considered by a constitution committee. Article 8, § 15–16. Despite the fact that it had not been submitted before the convention, the amendment dissolving Region 2 was overwhelmingly approved. Most of its former members were added to Region 2B, which raised its membership from 49,000 to 87,000. Plaintiff claims that the UAW has never before combined regions except where there was a vacancy in the directorship. Amended Complaint, ¶ 15.

Plaintiff claims that the convention amended article 10 section 21 to retaliate against Region 2 for electing Davis, and that such action violated 29 U.S.C. § 101(a)(1) and (2). Both plaintiff and defendant recognize in their briefs that plaintiff is bringing a claim under § 101 LMRDA, 29 U.S.C. § 411. Plaintiff seeks injunctive relief, that is, rescission of the amendment which dissolved Region 2.

### Analysis

### I. Rule 12(b)(6)

Defendant seeks a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted. Defendant claims that plaintiff's complaint should be dismissed because the grounds pleaded as motivation for the convention's merger are legally insufficient under the LMRDA to overturn the convention's decision. Plaintiff alleges that union officials proposed a constitutional amendment at the last minute in retaliation against Region 2 for exercising voting rights to elect Davis. In the alternative, plaintiff claims that the vote of the convention to redraw the boundaries of Region 2 was not meaningful and informed. Amended Complaint, ¶ 53.

This court need not reach the question of whether plaintiff has stated a claim upon which relief can be granted under 29 U.S.C. § 411. As discussed in detail below, the complaint must be dismissed for lack of subject matter jurisdiction.

### II. Lack of Subject Matter Jurisdiction

■ Defendant moves to dismiss plaintiff's claim for lack of subject matter jurisdiction. Section 403 of Title IV of LMRDA, 29 U.S.C. § 483, provides that "[t]he remedy provided by this title for challenging an election already conducted shall be exclusive." Those remedies allow for jurisdiction in the district court only after three conditions are met:

First, union members must exhaust internal union remedies. Then they must file a complaint with the Secretary of Labor. Section 402(a), 29 U.S.C. § 482(a). Finally, if the Secretary of Labor 'finds probable cause to believe that a violation ... has occurred ... he shall ... bring a civil action ...' Section 402(b), 29 U.S.C. § 482(b).

*Radio–Electronics Officers Union, Dist. 3, NMEBA, AFL–CIO v. Radio Officers Joint Employment Committee,* 811 F.Supp. 151, 156 (S.D.N.Y.1993). Thus, this court lacks subject matter jurisdiction over claims related to an election already conducted, because there has been no finding of probable cause by the Department of Labor. *Id.*

■ Courts have repeatedly held that where post-election relief is sought, the exclusive remedy is with the Secretary of Labor. See *Molina v. Union De Trabajadores De Muelles Y Ramas Anexas, Local 1740, UTM–ILA,* 762 F.2d 166, 168 (1st Cir.1985) (finding Title I claim did not "escape" the jurisdcitional bar of LMRDA where claim required court to address validity of election); *Wolfson v. Newspaper and Mail Deliverers' Union of New York and Vicinity,* 713 F.Supp. 700 (S.D.N.Y. 1989) (dismissing claim because "essence" of contract dispute concerning the union's constitution dealt with post-election relief).

It is not the way the claim is framed, but the substance of the claim which controls whether post-election relief is sought. *McGuire v. Grand International Division of the Brotherhood of Locomotive Engineers*, 426 F.2d 504, 508 (6th Cir.1970) (finding that a claim that election procedures violate the constitution and by-laws of the union constitutes a Title VI matter).

Plaintiff asserts that 29 U.S.C. § 483 is inapplicable because the complaint does not challenge an election, but raises a claim of unlawful retaliation. However, plaintiff has not pleaded a cause of action for discrimination in the sense that there is no allegation that other members were given privileges and voting rights which were denied to members of Region 2. Though the amendment dissolving Region 2 indirectly voided the results of the election of Davis as director of Region 2, this is not discrimination as contemplated by Title I of LMRDA.

In essence, the complaint challenges the propriety of a vote to amend the UAW constitution. The vote was taken as part of an election process and resulted in a re-run election. Despite plaintiff's characterization of the relief sought, reinstatement of Region 2 would essentially validate the results of an election already conducted in which Davis was elected director. At the same time, this court would have to invalidate the post-amendment elections of successful candidates in the redrawn Regions 2B, 8 and 9. Such post-election relief must be sought exclusively with the Secretary of Labor in accordance with 29 U.S.C. § 483. The contemplated relief challenges an election already conducted, and thus, the court lacks subject matter jurisdiction pursuant to the limitations of Title IV of LMRDA. *Radio*, 811 F.Supp. at 155 (finding that because relief sought would either validate the election or the rerun election, the court lacked subject matter jurisdiction).

### III.  Second Amended Complaint

■■■ Plaintiff submitted a motion to file a Second Amended Complaint. Under Fed.R.Civ.P. 15(a), "leave [to amend] shall be freely given when justice so requires." However, justice does not require leave to amend when the court finds "that the amended complaint suffer[s] from the same infirmities as the original complaint and thus would not withstand a motion to dismiss..." *Keweenaw Bay Indian Community v. State of Michigan*, 11 F.3d 1341, 1348 (6th Cir.1993). The new claim in plaintiff's proposed Second Amended Complaint alleges that the convention delegates amended the UAW constitution:

> without a meaningful and informed vote of the convention delegates, and in violation of existing UAW rule, practices, and constitutional provisions governing the convention and the amendment process.

Second Amended Complaint, ¶ 1. However, as discussed above, the Secretary of Labor has exclusive jurisdiction over an election already conducted. Because any new claims related to the June 2002 election would be preempted by LMRDA, leave to amend would be futile in this case.

### *Conclusion*

Thus, this court lacks subject matter over the case because plaintiff's claims are preempted by the exclusive jurisdiction of the Secretary of Labor under 29 U.S.C. § 483. Defendant's Motion to Dismiss is hereby GRANTED.

**IT IS SO ORDERED.**