RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 04a0424p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

WARREN DAVIS, DENNIS LAPSO, ROBERT WICKLINE, and
GREGG SHOTWELL,

                     *Plaintiffs-Appellants,*

    *v.*

UNITED AUTOMOBILE WORKERS OF AMERICA,

                     *Defendant-Appellee.*

No. 03-2580

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-74211—John Feikens, District Judge.

Argued: September 22, 2004

Decided and Filed: December 9, 2004

Before: KEITH, MOORE, and GILMAN, Circuit Judges.

---

## COUNSEL

**ARGUED:** Ellis Boal, Charlevoix, Michigan, for Appellants. Michael B. Nicholson, ASSOCIATE GENERAL COUNSEL, Detroit, Michigan, for Appellee. **ON BRIEF:** Ellis Boal, Charlevoix, Michigan, for Appellants. Michael B. Nicholson, ASSOCIATE GENERAL COUNSEL, Detroit, Michigan, for Appellee.

---

## OPINION

---

    RONALD LEE GILMAN, Circuit Judge. Warren Davis and three other members of the United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) appeal the dismissal of their lawsuit challenging an amendment made to the UAW Constitution at its June 2002 Constitutional Convention. The amendment had the effect of setting aside Davis's reelection as a regional director by dissolving his region and redistributing its members among three contiguous regions. After concluding that the plaintiffs' request for rescission of the allegedly retaliatory amendment was a claim for postelection relief, the district court held that the action was barred by Title IV of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 481-83 (2004). For the reasons set forth below, we **AFFIRM** the judgment of the district court.

1

# I. BACKGROUND

## A.    Factual background

The UAW is divided nationally into geographic regions, with each region headed by an elected director who holds a seat on the UAW's governing board. Davis served for 19 years as the director of Region 2, representing the interests of approximately 41,000 UAW members in parts of Ohio, Pennsylvania, and West Virginia. His tenure on the UAW's governing board ended, however, when Region 2 was dissolved at the UAW's June 2002 Constitutional Convention.

The present litigation arises from actions taken at the UAW convention following Davis's controversial election to another term as director of Region 2. Immediately following the election, convention delegates complained that Davis had improperly concealed his candidacy for the office in order to prevent the development of any effective opposition. These allegations arose because Davis had announced prior to the convention that he intended to vacate his director's position in order to run for Congress in 2002. He then endorsed his assistant director, who remained the sole candidate for his soon-to-be-vacant position. Just before the vote at the convention, however, Davis apparently had a change of heart and arranged for his assistant to nominate him and then withdraw from the race. This surprise move allowed Davis to win the election unopposed.

Had Davis made public his bid for director, he would have faced strong opposition from an unofficial group of UAW delegates calling themselves the Administrative Caucus. Long a member of this politically powerful group, Davis had pledged to abide by its informal rule that members would not seek elective office in the UAW after reaching 65 years of age, thus making room for new leaders. In direct contravention to this policy, however, Davis accepted another term as director at age 67. Members of the Administrative Caucus reacted the following morning by issuing a press release that called upon the UAW convention delegates to approve an amendment to dissolve Region 2, redistribute its members among three neighboring regions, and convene new elections for director in each region. That afternoon the proffered amendment was overwhelmingly approved by the convention delegates. The UAW successfully defended its tactics and the validity of the new elections in proceedings before the UAW's internal review board and before the United States Secretary of Labor.

## B.    Procedural background

Davis commenced the present litigation in the United States District Court for the Eastern District of Michigan, seeking rescission of the constitutional amendment and the reinstatement of Region 2. He alleges that the UAW eliminated Region 2 in order to punish its delegates for having elected him, and that such retaliation violates Title I of the LMRDA, 29 U.S.C. §§ 411-415. Although the UAW does not dispute that the convention delegates who voted to eliminate Region 2 were likely "angered by what they perceived as Davis'[s] manipulation of the electoral process," it insists that their actions did not violate the LMRDA.

Regardless of the merits of Davis's claims, however, the UAW contends that his suit must be dismissed because the remedy sought by Davis—rescission of the allegedly retaliatory amendment—constitutes postelection relief that is relegated to the exclusive jurisdiction of the Secretary of Labor by Title IV of the LMRDA, 29 U.S.C. §§ 481-83. The district court agreed. It therefore dismissed the case after finding a lack of subject matter jurisdiction over Davis's claims because the Secretary of Labor was not a party to the action as required by 29 U.S.C. § 482(b). This timely appeal followed.

## II. ANALYSIS

A district court's application of the LMRDA is reviewed de novo. *Argentine v. United Steelworkers of Am.*, 287 F.3d 476, 482 (6th Cir. 2002). In enacting the LMRDA, Congress sought to provide "a comprehensive scheme for the regulation of union elections." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 531-32 (1972) (finding that the LMRDA is Congress's "exclusive post-election remedy" for labor union election disputes). Where a union election has already been conducted, Title IV of the LMRDA mandates that postelection challenges may be brought only by the Secretary of Labor. 29 U.S.C. § 483 ("The remedy provided by this subchapter for challenging an election already conducted shall be exclusive."); *see also Trbovich*, 404 U.S. at 531, 536 (stating that the LMRDA "prohibits union members from initiating a private suit to set aside an election" because "Congress intended to prevent members from pressing claims not thought meritorious by the Secretary").

A union member who wishes to challenge the results of an election under the LMRDA must therefore file a complaint with the Secretary of Labor. 29 U.S.C. § 482(a). If the Secretary finds probable cause to believe that a violation of the LMRDA has occurred, the Secretary may file suit in federal district court. 29 U.S.C. § 482(b); *see Calhoon v. Harvey* 379 U.S. 134, 140 (1964). Although a disgruntled union member may intervene in a suit for postelection relief, the district court does not have jurisdiction to adjudicate the claims of the private parties unless the Secretary of Labor has instigated the action. 29 U.S.C. § 483; *see Trbovich*, 404 U.S. at 536-37.

Davis filed a complaint with the Secretary of Labor, whose office investigated the events surrounding the UAW convention and subsequently issued a report stating that there had been "no violation of the LMRDA." Because there was no probable cause finding by the Secretary, the district court correctly determined that Davis's suit could not proceed under Title IV of the LMRDA. Davis acknowledges this reality, but insists that it is immaterial for the purposes of this litigation because he seeks relief pursuant to Title I of the LMRDA, rather than under Title IV. He argues that a rescission of the amendment dissolving Region 2 would not invalidate the elections for director in the three reformed regions, a result which may be accomplished only by recourse to Title IV, but would simply invalidate a "union restructuring" violative of Title I.

Title I of the LMRDA proclaims a "Bill of Rights" for union members that guarantees them "equal rights and privileges" to nominate and vote for candidates, as well as protection from improper retaliation resulting from the exercise of these democratic rights. 29 U.S.C. § 411. In contrast to claims for postelection relief under Title IV, suits seeking redress for violations of Title I may be brought by private individuals without the approval of the Secretary of Labor. 29 U.S.C. § 412; *see Molina v. Union de Trabajadores de Muelles y Ramas Anexas*, 762 F.2d 166, 167 (1st Cir. 1985) ("Title I is enforceable in federal court through a private action filed by the aggrieved union members.").

As evidence that the UAW violated his rights under Title I, Davis points to the fact that the convention delegates acted in contravention of the UAW Constitution by failing to introduce the amendment to dissolve Region 2 at least three weeks in advance of the convention vote. He also complains that potential candidates from Region 2 were given inadequate time to challenge incumbent directors in the three reconstituted regions because elections for these positions were held on the very same day that Region 2 was dissolved and its membership redistributed. Disregarding the fact that these arguments are equally applicable to the claim that Davis's secret candidacy for director of Region 2 also violated the UAW Constitution and Title I of the LMRDA, the allegations made by Davis do not establish that members of Region 2 were denied election-related privileges enjoyed by UAW members in other regions. Absent discrimination of this kind, Davis may not maintain an action under Title I. *See Calhoon v. Harvey*, 379 U.S. 134, 139 (1964) (finding that union members were not "discriminated against" for purposes of Title I because they were not denied a "right to vote or nominate which the union has granted to others").

This mismatch between the relief sought by Davis and the protections provided by Title I exists because Title I cannot support a cause of action that seeks to invalidate a previously conducted union election. *Local No. 82, Furniture & Piano Moving v. Crowley*, 467 U.S. 526, 541 (1984) (holding that "the exclusivity provision included in § 403 of Title IV plainly bars Title I relief when an individual union member challenges the validity of an election that has already been completed"). Although Davis purports to rely solely on Title I, the relief he seeks is available only under Title IV of the LMRDA because rescission of the challenged amendment would reinstate Region 2, with Davis as its director, and invalidate the three subsequent elections for director in the new regions.

Because "the substance of the claim is controlling," we must treat Davis's complaint as arising under Title IV of the LMRDA. *McGuire v. Grand Int'l Div. of the Bhd. of Locomotive Eng'rs*, 426 F.2d 504, 508 (6th Cir. 1970) ("If an individual member could bring suit by the simple expedient of framing a claim under Title I, where the substance of the claim falls under Title IV, [t]he comprehensive administrative and procedural provisions of Title IV would be rendered meaningless."). The district court was therefore correct in holding that it lacked subject matter jurisdiction over Davis's claims for postelection relief in the absence of a finding of probable cause by the Secretary of Labor.

## III. CONCLUSION

For the reasons set forth above, we **AFFIRM** the judgment of the district court.