# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued December 9, 2022   Decided February 17, 2023

No. 22-7092

IAN SCOTT-ANDERMAN AND DAVID SUPPLEE,
APPELLANTS

v.

ROBERT MARTINEZ, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-02625)

*Thomas H. Geoghegan*, argued the cause for appellants Ian Scott-Anderman and David Supplee. With him on brief were *Beatriz L. Annexy* and *Stephen C. Leckar*.

*Evan Hudson-Plush*, argued the cause for appellees. With him on brief were *Jacob R. Karabell* and *Bruce R. Lerner*.

Before: WILKINS, *Circuit Judge*, and RANDOLPH and ROGERS, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*: Ian Scott-Anderman and

David Supplee – the former secretary-treasurer and president, respectively, of a District Lodge of the International Association of Machinists – appeal the district court's denial of their motion for a preliminary injunction. They sued the international union, its president Robert Martinez, Jr., and its general secretary-treasurer Dora Cervantes. The controversy concerns the suspensions of Scott-Anderman and Supplee and the international union's imposition of a trusteeship on their District Lodge.

Scott-Anderman ran for a position with the international union. In her election campaign she alleged that Cervantes, her opponent, had engaged in financial misconduct. She lost the election and, a few days later, the international union notified her and Supplee that it would soon audit their District Lodge.

The audit itself – a routine Fee Reduction Audit – disclosed no issues. However, the auditor recommended (and Scott-Anderman and Supplee agreed) that the District Lodge convert to a different accounting program. During the conversion, the auditor discovered financial improprieties.[1] In light of these findings, the international union approved the auditor's request to conduct a five-year comprehensive audit.

The auditor found more improprieties, including: improper payments of thousands of dollars a month for unused phone equipment and lines; $270,000 of union funds in a secret account; missing unemployment withholding payments, which jeopardized certain employee's unemployment rights; violations of federal reporting requirements; and more than $3,000 worth of Starbucks gift cards in an unsecured cardboard box.

On January 25, 2022, the auditor temporarily suspended Scott-Anderman and Supplee from their offices, pursuant to the

---

[1] These included (1) failing to obtain requisite approval for expenditures; (2) failing to provide the auditor with all phone bills; (3) failing to keep "activity sheets"; (4) and failing to use original signatures for checks.

international's shortage policy and Article VII, Section 5 of the international's constitution. On January 26, 2022, the international union canceled District Lodge officer elections (which were ongoing at the time) and imposed a trusteeship[2] on the District Lodge for financial mismanagement, pursuant to Article VI, section 8 of the international's constitution.

Scott-Anderman and Supplee's first amended complaint alleged one count under Title I and five counts under Title III of the Labor-Management Reporting and Disclosure Act (the "LMRDA"), 29 U.S.C. §§ 412, 464. They sought equitable relief along with compensatory and punitive damages. A month after they filed their first amended complaint, they filed a motion for a preliminary injunction. The district court denied the motion. It held that Scott-Anderman and Supplee had not shown a likelihood of success on the merits. It also held that the other factors did not favor them.

Title I of the LMRDA provides a "Bill of Rights" to union members that they may enforce in federal court. *See Loc. No. 82, Furniture & Piano Moving v. Crowley*, 467 U.S. 526, 536 (1984); *see also* 29 U.S.C. §§ 411-415. Union members are granted equal rights, 29 U.S.C. § 411(a)(1); freedom of speech and assembly, *id.* § 411(a)(2); and other rights. If the union member shows a violation of these rights, a court may award "appropriate" relief. *See id.* § 412.

Title III of the LMRDA governs a union's imposition of trusteeships on subordinate bodies, such as district lodges. *See id.* § 462. It provides an enforcement procedure for the Secretary of Labor, a subordinate body of a labor organization, or individual union members to bring a civil action to remove an

---

[2] A "trusteeship" is defined in the Labor-Management Reporting and Disclosure Act as "any receivership, trusteeship, or other method of supervision or control whereby a labor organization suspends the autonomy otherwise available to a subordinate body under its constitution or bylaws." 29 U.S.C. § 402(h).

unlawfully imposed trusteeship. *See id.* § 464(a); *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 122 (D.C. Cir. 1972).

Title IV governs "the conduct of elections for union officers." *See Crowley*, 467 U.S. at 539; 29 U.S.C. §§ 481-83. For example, it fixes the terms of office, 29 U.S.C. § 481(a); requires elections by secret ballot, *id.* § 481(a), (b); regulates campaign literature, *id.* § 481(c); governs nominations and eligibility of candidates, *id.* § 481(e); and so forth. *Crowley*, 467 U.S. at 539. At bottom, Title IV protects free and democratic union elections. *Id.*

Title IV requires a union member to exhaust his rights within the union before he may file a complaint with the Secretary of Labor to enforce Title IV rights. *See* 29 U.S.C. § 482(a); *Crowley*, 467 U.S. at 539-40. The Secretary will then investigate and bring a civil action if there is "probable cause" to believe a violation has occurred. 29 U.S.C. § 482(b); *Crowley*, 467 U.S. at 539-40. If the Secretary meets his requisite burden of showing a violation, the court may void an election and order a new one. 29 U.S.C. § 482(c). Title IV states that this method "for challenging an election already conducted shall be exclusive." 29 U.S.C. § 483.

Scott-Anderman and Supplee's preliminary injunction motion sought an order ending the trusteeship; reinstating them "during the pendency of th[e] case"; and rescheduling canceled officer elections "as appropriate."

Their request under Title III to end the trusteeship is moot. A case becomes moot when a party obtains the relief they sought. *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (citation omitted). Here, the disputed trusteeship has been lifted. *See Laborers' Int'l Union of N. Am., AFL-CIO v. Nat'l Post Off.*, 880 F.2d 1388, 1393 (D.C. Cir. 1989); *Johnson v. Holway*, 2005 WL 3307296, at *11 (D.D.C. Dec. 6, 2005).

Furthermore, their request to reschedule canceled officer

elections is moot for the same reason. Elections were scheduled for and occurred on November 29, 2022.[3]

The only remaining relief sought in Scott-Anderman and Supplee's preliminary injunction motion is their request for reinstatement under Title I.[4] Supplee's request for reinstatement is moot because his term in office has expired. *E.g.*, *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 862 (7th Cir. 2018). Scott-Anderman's request for reinstatement is not moot because her term has not expired.

But we reject Scott-Anderman's claim for another reason: the court lacks subject matter jurisdiction over a Title I claim insofar as it seeks to void a completed union officer election. This is so because of the interaction between Title I and Title IV.[5] As already discussed, a plaintiff proving a Title I claim is entitled to "appropriate" relief. 29 U.S.C. § 412. The Supreme Court has held that Title I relief invalidating an election of union officers is not "appropriate" relief because it infringes on Title IV's exclusive remedial scheme for invalidating an officer election. As the Court put it, if "the remedy sought is invalidation of the election already being conducted with court

---

[3] If the request for relief is characterized as a request to reschedule a *particular* election, i.e., the one that had been canceled in January 2022, then the district court would be required to set aside the just-completed officer election. For the reasons discussed below regarding Title IV, the district court would not have jurisdiction to do so.

[4] The reinstatement of a union officer is not available relief under Title III. *See Unión de Empleados de Muelles de Puerto Rico, Inc. v. Int'l Longshoremen's Ass'n*, 884 F.3d 48, 57 n.10 (1st Cir. 2018) (citation omitted).

[5] The defendants brought Title IV to the court's attention at oral argument in light of the November 29, 2022, election, held after briefing had been completed. We gave both parties an opportunity to address the Title IV issue in supplemental briefs.

supervision of a new election, then union members must utilize the remedies provided by Title IV." *Crowley*, 467 U.S. at 550; *see also Murray v. Amalgamated Transit Union*, 719 F. App'x 5, 6 (D.C. Cir. 2018) (per curiam). Simply put, if the plaintiff disregards the procedures in Title IV and mounts only a Title I claim seeking to overturn an officer election, the court has no authority to grant relief. *See Murray v. Amalgamated Transit Union*, 206 F. Supp. 3d 202, 210 (D.D.C.), *amended in part*, 220 F. Supp. 3d 72 (D.D.C. 2016), *and aff'd*, 719 F. App'x 5 (D.C. Cir. 2018); *see also Calhoon v. Harvey*, 379 U.S. 134, 138-39, 141 (1964).

Granting Scott-Anderman's request for reinstatement would require the court to invalidate the results of the just-completed November officer election. Scott-Anderman and Supplee themselves state that they seek to "challeng[e] the legitimacy of the election itself"; "reinstate Plaintiff Scott-Anderman to serve the remainder of her term in office"; and "allow the District Lodge *itself* . . . to conduct its *own* officer elections for the other open positions." Appellants Supplemental Br. at 2 (emphasis in original). In other words, Scott-Anderman and Supplee seek to invalidate an officer election. It is impossible to reinstate Scott-Anderman as secretary-treasurer or allow the District Lodge to elect new members to other positions unless the court invalidates the officer election that just occurred. We therefore reject Scott-Anderman's Title I claim. *E.g.*, *Davis v. United Auto. Workers of Am.*, 390 F.3d 908, 912 (6th Cir. 2004).[6]

*Affirmed.*

---

[6] Scott-Anderman and Supplee, in their first amended complaint, also sought money damages. That portion of their case is not necessarily moot.